## H. W. NORTON v. THE STATE.

Justices of the Peace have not jurisdiction finally to try cases of assault or breaches of the peace where a deadly weapon is used or attempted to be used, nor where the assault or breach of the peace is of an aggravated nature. (Hart. Dig. Art. 1712, 554.)

A common assault and battery is the unlawful striking or beating of another; and the least touching of another's person wilfully, or in anger, is a battery ; and every battery includes an assault. So that every unlawful touching of another's person is an assault and battery.

Any circumstances of aggravation, in the manner or character of the assault or battery, by which it exceeds the incidents or consequences of a common assault and battery, anything by which it is made to exceed in wantonness, violence or injury, what would be sufficient to warrant a conviction for a common assault and battery, (as contradistinguished from such assaults as are committed with some other criminal intent than simply to assault or beat, and are made by the law distinct offences,) may be justly said to aggravate the character of the offence, or render it of an aggravated nature.

Wherever there are such circumstances of aggravation attending the commission of the offence, as the use of bludgeons, missiles, or instruments or weapons of any kind, capable of inflicting injury beyond what may ordinarily be inflicted by a blow with the fist, and used in such a manner as to be likely to inflict such injury, and, especially, where so used as to cause a wounding, the offence must be deemed to be of an aggravated nature, within the meaning of the Statute. (Hart. Dig. Art. 554.)

Where the indictment charges an aggravated assault and battery, a plea of former conviction before a Justice of the Peace, for the same offence, is bad. But in this case, the Court below, admitted the evidence of former conviction under the plea of not guilty, and instructed the jury that if they found so and so, the assault and battery was of an aggravated character, and they should disregard the evidence of a former conviction before the Justice ; and the jury found the defendant guilty ; and this Court, on appeal by the defendant, with a full statement of the facts, were of opinion that the assault and battery was of an aggravated character, and therefore without the jurisdiction of a Justice of the Peace.

Quere, how a defendant who is convicted in a Justice's Court, of a breach of the peace, not of an aggravated nature, shall avail himself of such former conviction as a defence to an indictment for the same offence ?

Appeal from Wood. The indictment charged that the defendant "in and upon one Patrick M. Calhoun, did make an "assault, and with a certain large and heavy chair, which he

" then and there had and held in both his hands, then and there
" did strike, beat, bruise and grievously wound the said Patrick
" M. Calhoun, by then and there striking and beating him with
" the said chair, and by then and there by force of the blows,
" striking and beating aforesaid, fracturing the bone of the
" skull near the left eye of him, the said Patrick M. Calhoun,
" and by then and there, by force of the blows aforesaid, lacer-
" ating and disfiguring the left eyelid of him the said Patrick
" M. Calhoun, and then and there, by force of the blows afore-
" said, greatly injuring the eyes and vision of the said Patrick
" M. Calhoun, by means of all of which beating, bruising and
" wounding, the said Patrick M. Calhoun was then and there
" sick, sore and disabled for a long space of time, to wit: for
" the space of two months, next thereafter, and by reason of
" said wounding, the eyes and vision of the said Patrick M.
" Calhoun yet remain greatly injured and impaired," &c. Filed
April 18th, 1854.

Special plea, " That the State ought no longer, &c., for this,
" that on the 7th day of February, 1854, long before the finding
" of this bill of indictment, J. W. Drennen, a Justice of the
" Peace for Wood County, having full jurisdiction to hear, try
" and determine this case, did take the defendant into custody,
" and after hearing the evidence, found this defendant guilty
" and assessed the fine at five cents and all costs of suit, which
" fine and costs have been paid by this defendant, as will appear
" by the receipt of the said Justice hereto annexed, wherefore,"
&c.

To this plea exceptions were sustained, " on the ground that
" defendant should be permitted to give in evidence under the
" plea of not guilty, any matter which he could give in evidence
" under said special plea, which he was permitted to do."

There was a statement of facts from which it appeared " that
" defendant met Patrick M. Calhoun in E. J. Ward's Grocery,
" in the town of Quitman, in Wood County, in January, 1854 ;
" that Calhoun was slightly intoxicated and caught hold of de-
" fendant in a rough manner ; that defendant told him, Cal-

"houn, to let him alone, as he hurt him, defendant being un-
"well; that Calhoun did so; that defendant then left the Gro-
"cery, and remaining out some time, returned, and Calhoun
"immediately accosted him with words of about the following
"import, to wit: 'Henry Norton, I am sorry that your back is
"injured, or that your wife has got you down. I am a pretty
"good cooper, and as she has got you down; I carried a hog
"up there the other day, and I will call again and help you
"out'; that immediately the defendant caught up a chair and
"struck the said Calhoun one time; set the chair down and
"walked off; that the blow struck severely lacerated the left
"eye of the said Calhoun, and slightly fractured the bone
"above the eye."

The defendant then proved his former conviction for the
same offence and payment of the fine and costs.

It was proved that Calhoun's manners towards defendant
were friendly and jocular; that he expressed himself very glad
to see the defendant; said he had been up to defendant's house
the day before, with defendant's brother. It was proved that
Calhoun's eye was disfigured by the blow; that his sight had
been impaired; that he was sick, from the blow, some two
months, and that several small pieces of the bone came out. It
was further proved that neither Calhoun nor Beavers, witnesses
for the State, were present at the trial before the Justice of the
Peace, and knew nothing of said trial; that defendant and
Calhoun had been intimate before this time.

The Court instructed the jury as follows:

If you believe from the evidence, that the defendant, with a
chair, overhanded, struck Calhoun, wounding his brow, frac-
turing the bone, causing several pieces to be extracted there-
from, and also wounding and disfiguring his eye, whereby his
sight was injured, then this is an aggravated assault, within
the meaning of the law, and it will be your duty to so find, and
the proceedings before the Justice will be no defence to this
indictment. No words will justify an assault and battery; but
should you find Norton guilty, you may, in making up the

amount of punishment, take into consideration the provocation given Norton, if any, in your view was given.

The following instructions were asked by the defendant, and refused by the Court.

1st. That unless there was a deadly weapon used or attempted to be used, the Justice had full jurisdiction to hear, try and determine the case, and that having so heard and determined the case, and his judgment being satisfied, is a bar to further prosecution.

2d. That if the jury believe this was a common assault, or if they find there was no deadly weapon used, and that a Justice of the Peace had taken jurisdiction, tried and determined the same, they will find for the defendant.

The jury found the defendant guilty and assessed the punishment at a fine of one dollar.

The Act which defines the jurisdiction of Justices of the Peace, contains the following proviso : "Provided, that they shall not "have jurisdiction finally to try any such offence, where any "deadly weapon was used or attempted to be used ; nor where "the fine or penalty shall exceed one hundred dollars." (Hart. Dig. Art. 1712.)

The punishment for an aggravated assault or breach of the peace is fine not exceeding two hundred dollars, and imprisonment not exceeding six months in the county jail, or either, and such offence is not triable by a Justice of the Peace. (Hart. Dig. Art. 554.)

*D. O. Norton*, for appellant. I. The indictment nowhere alleges that this was an aggravated assault and battery ; consequently the action by the Justice was a bar to this prosecution, as it would certainly have been the duty of the Justice, if he had found it an aggravated assault, not to have tried, but bound the party over.

II. That there was error in the charge of the Court, we think can hardly be questioned, as the Court, in effect took upon itself the office of finding that this was an aggravated assault,

and left nothing for the jury but to assess the fine, and being calculated to mislead the jury, the judgment should be set aside. (11 Tex. R. 2.)

III. The proposition is respectfully submitted, that the consequences of the blow cannot give character to the offence; as it has frequently happened that individuals have been killed by a blow from the fist of another, when there was no intention of taking life; yet to carry out the principle that the consequence of the blow gives character to the offence, would inevitably convict the party of murder.

*Attorney General*, for appellee. The abuse made so commonly throughout the country, of the jurisdiction of a Justice of the Peace, by the party guilty of a flagrant and outrageous assault and battery, sometimes accompanied by a felonious intent, going privately to a Justice of the Peace of his own selection, and upon pleading guilty in the absence of the witnesses and friends of the prosecution, being fined only nominally, calls loudly for redress. In civil cases and other criminal matters, the jurisdictional limits are clearly defined by the sum in controversy, the nature of the offence or cause of action, or by some other perspicuous land mark; but here the line of distinction is by no means clearly perceptible; at least is not so clearly marked as not to be the subject of difference of opinion between intelligent and honest minds.

Now, which of these tribunals has the right to prevail in a conflict of this character? Must it necessarily be the one that by accident, or perhaps by fraud, is first appealed to, and first takes and exercises jurisdiction? Clearly not, if this should be the inferior Court of expressly limited jurisdiction. The Court of general jurisdiction of a given subject matter, has always the power to assert its right to hear and determine over the claim of an inferior Court, which, by express limitation, has jurisdiction of only a part of the same subject. None will deny that this claim of the superior Court may be asserted in a revisory proceeding, but it is equally legal and potent

when the excess of the limited Court comes before it collaterally. In Welsh v. Nash, (Sup. Court, Lib. Ed. of East, vol. 7 and 8, p. 472,) which was an action of trespass brought against a person acting under a road order of the County Justices, which, on its face, recited the necessary facts to maintain their jurisdiction, but which recital was untrue, Ld. Ellenborough, in delivering the opinion of the Court of K. B. against the validity of the order, said, " The Justices cannot make facts by their determination, in order to give to themselves jurisdiction, contrary to the truth of the case ;" and Mr. J. Lawrence remarked, in same case, " the Justices cannot give themselves jurisdiction in a particular case, by finding that as a fact, which is not a fact."

The fraudulent abuse of the jurisdiction of the Justice of the Peace, made by the defendant in this case, is also sufficient to make his judgment void.

WHEELER, J. The material question to be determined, is, whether the Justice of the Peace had jurisdiction of the offence charged in the indictment. If he had, it is clear the defendant could not be put upon his trial and again convicted for the same offence, in the District Court ; but if the Justice had not jurisdiction, it is equally clear, that the conviction by the Justice was no bar to this prosecution.

The jurisdiction of Justices of the Peace, over offences of this character, is limited, by the Statute conferring it, to cases where the fine or penalty shall not exceed one hundred dollars. (Hart. Dig. Art. 1712.) And this, also, is the limit prescribed by Statute, where the offence is not of an aggravated nature. (Id. Art. 553.) But if the offence be of an aggravated nature, the Justice cannot take cognizance of the case, for the purpose of trial and punishment ; but is required to recognize the offender, with sufficient sureties, to appear at the District Court, and, upon conviction, he may be punished by fine not exceeding two hundred dollars, and imprisonment not exceeding six

months. (Id. Art. 553, 554.) From these several provisions of the Statute, it is plainly deducible, that the jurisdiction of a Justice, to try and punish for offences of this character, is limited to cases where the offence is not of an aggravated nature. But if the offence be attended with circumstances of aggravation, the Justice has not jurisdiction to try, but can only recognize to appear at the District Court. A simple assault is an attempt or offer to beat another without touching him. (3 Bl. Com. 120.) Strictly and technically, at the Common Law, it is one where there is no intention to do any other injury. An aggravated assault, at the Common Law, is one that has, in addition to the mere intention to commit it, another object which is also criminal, as an assault with intent to kill or maim, or wound, or the like. These, at the Common Law, were aggravated assaults. (1 East, P. C. 406; 1 Russ. Cr. 604; Bac. Ab. h. t.; Roscoe, Cr. Ev. 210.) But it is manifest the Legislature did not employ the term "aggravated" as characteristic of the offence, in this sense. For the punishment of offences which would be but aggravated assaults at Common Law, is specially provided for by Statute, under various other more appropriate names and designations. (Hart. Dig. "Offences against the Life or Person," p. 204–5; "Offences against the Public Peace," p. 211–12.) And the Statute, conferring jurisdiction upon Justices, (Art. 1712,) treats of "assaults and batteries," and authorizes the Justice to impose the punishment; but if the offence be of an aggravated nature, he is not to punish, but to recognize the offender; clearly showing that it was the intention of the Legislature, that the Justice should have a concurrent jurisdiction with the District Court, in common cases of assault and battery; but that if the offence was attended with such circumstances of aggravation as might call for the infliction of a more severe penalty than the Justice was authorized to impose, he should not entertain jurisdiction of the case.

There is no difficulty in defining a common assault and battery. It is the unlawful striking or beating of another; and

the least touching of another's person wilfully, or in anger, is a battery ; (3 Bl. Com. 120 ;) and every battery includes an assault. So that every unlawful touching of another's person is an assault and battery. But what shall amount to an aggravated assault and battery, within the meaning of the Statute, is not susceptible of quite so clear and precise a definition. If there was the use or attempted use of a deadly weapon, it is clear that the offence is, in contemplation of the law, (Hart. Dig. Art. 1712,) of an aggravated nature. And it is also clear, that it may be of such a nature, within the intention of the Statute, though no such weapon was used. For it is not to be supposed that the Legislature intended to limit the penalty for offences of this character, upon whatever persons and by whatever persons, and under whatever circumstances of wantonness, outrage and violence, committed, to a fine of one hundred dollars, in all cases where there was not the use or attempted use of a deadly weapon. No such flagrant injustice, or invasion of the right of personal security could have been intended. Any circumstances of aggravation, in the manner or character of the assault or battery, by which it exceeds the incidents or consequences of a common assault and battery ; anything by which it is made to exceed in wantonness, violence, or injury, what would be sufficient to warrant a conviction for a common assault and battery, (as contradistinguished from such assaults as are committed with some other criminal intent than simply to assault or beat, and are made by the law distinct offences ;) may be justly said to aggravate the character of the offence, or to render it of an aggravated nature. And this, perhaps, is about as definite a line as can be drawn between an offence of this character which is, and one which is not to be deemed of an aggravated nature, within the intention of the law. Whenever there are such circumstances of aggravation attending the commission of the offence, as the use of bludgeons, missiles, or instruments or weapons of any kind, capable of inflicting injury beyond what may ordinarily be inflicted by a blow with the fist ; and used in such a manner as to be likely to inflict such

injury; and especially, where so used as to cause a wounding, the offence must be deemed to be of an aggravated nature, within the meaning of the Statute.

The question being one of jurisdiction must necessarily be decided by the Court, as matter of law; and to determine upon the question of jurisdiction upon a plea of a former judgment by a Justice, the Court must, in the first instance, look to the nature of the offence as charged in the indictment. If an aggravated offence is there charged, the District Court, *prima facie*, at least, has exclusive jurisdiction; and the conviction or acquittal by a Justice will, of course, be no bar to the prosecution. The character of the offence as charged, must necessarily be the criterion by which to determine the jurisdiction; as, in civil cases, the damages laid in the declaration or petition. If it should appear upon the trial, that there had been an attempt, improperly to exclude the jurisdiction of the Justice, and give the District Court jurisdiction, for the purpose of punishing a man twice for the same offence, and that offence clearly within the jurisdiction of the Justice, before whom it had been tried before the finding of the indictment,—a case which is scarcely supposable, where the indictment is prefered by a Grand Jury, under the advice of the law officer of the State,—the Court might, perhaps, interpose by arresting the judgment. But it will be sufficient to dispose of that case when it shall have been presented. It clearly is not this case. There can be no question that the offence charged in the indictment was of a most aggravated character; and the proof fully warranted the charge. The conviction by the Justice, therefore, was no bar to the prosecution; for it was a case in which he manifestly had no jurisdiction to try, but only to recognize for the offence, which it was his clear and imperative duty to do; and in failing to do which, as well as in proceeding to impose a nominal fine, he has committed a manifest breach of duty, and an usurpation of authority which he could not legally exercise. And in no point of view was his action admissible, either as a plea in bar of the prosecution, or as evidence in mitigation of punishment.

There is no error in the charge and rulings of the Court, of which the appellant can complain ; and surely he has no just cause to complain of the verdict. There is no error in the judgment, and it is affirmed.

Judgment affirmed.