## J. G. WARRINER v. THE STATE.

FORMER CONVICTION. — On his trial for aggravated assault the accused pleaded former conviction, and introduced a justice's judgment convicting and fining him for a simple assault committed on the same person and at the same time as the alleged offense on trial. The state, in rebuttal, proved that the justice of the peace acted without affidavit or warrant of arrest, and examined no witnesses; and his judgment showed that it was rendered on the submission and demand of the accused. *Held*, that the justice's proceeding placed the accused in no jeopardy, and constitutes no bar to the prosecution for aggravated assault.

APPEAL from the District Court of Henderson. Tried below before the Hon. M. H. BONNER.

The opinion of the court states the facts.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was indicted for an assault with intent to murder one B. A. Atwood. On the trial the counsel representing the state declined to prosecute for any higher grade of offense than an aggravated assault, and the judge, in his charge, withdrew from the jury the consideration of the charge for intent to murder, and confined the jury to the consideration of the case as for aggravated assault and simple assault and assault and battery.

The defendant, besides the plea of not guilty, pleaded a former conviction for the same offense, which was submitted to the consideration of the jury, in connection with the plea of not guilty, under instructions from the judge.

In support of the plea of former conviction the defendant read in evidence a certified copy of the judgment of the justice of the peace, which shows that at a special term of the justice's court the following entry was made: " Now on this day comes J. G. Warriner, defendant in the above case, and pleads guilty to a simple assault and battery on the body of B. A. Atwood, on the 31st day of January, A. D. 1876, and waives a jury and demands a trial; whereupon, after hearing a statement, it is the order and decree of the court that the state of Texas do have and recover as a fine the sum of two and fifty one-hundredths dollars, and all costs of suit; for which execution may issue." Dated and signed by the justice of the peace.

It was shown on the trial in the District Court that no

affidavit had been filed or warrant of arrest issued, or any evidence heard before the justice of the peace, except as shown by the judgment above set out.

The justice of the peace, in the absence of an affidavit and warrant, and of an examination of the case, could not oust the District Court of its jurisdiction to try the accused for an offense of higher grade than that to which the defendant had pleaded guilty; nor could the defendant, by waiving an examination into the circumstances under which the assault and battery was committed, screen himself by submitting to a nominal fine, and avoid the legitimate consequences of his acts according to the degree of aggravation or mitigation shown by the evidence. *Norton* v. *The State*, 14 Texas, 387; *Wilson* v. *The State*, 16 Texas, 247.

The following quotation from Bishop's Criminal Law is applicable to the case under consideration:

"But sometimes a man, conscious of guilt, procures a proceeding against himself, and suffers a slight punishment, thinking thereby to bar a prosecution carried on in good faith. In such a case, if the first prosecution is really managed by himself, either directly or through the agency of another, he is, while thus holding his fate in his own hand, in no jeopardy; the plaintiff state is no party in fact, but only such in name; the judge is imposed on, indeed, yet in point of law he adjudicates nothing. 'All is a mere puppet-show, and every wire moved by the defendant himself.' The judgment, therefore, is a nullity, and is no bar to a real prosecution." This authority is supported by a number of decisions. 1 Bishop's Cr. Law, sec. 852.

There being no error in the judgment, it is affirmed.

*Affirmed.*