### E. H. Dool v. The State.

#### No. 1551. Decided October 23, 1912.

**1.—Aggravated Assault—Indictment.**

Where the indictment for aggravated assault followed approved precedent, the same was sufficient.

**2.—Same—Evidence—Definition.**

Every battery includes an assault, and there was no error in admitting testimony that defendant struck the injured party, bit her finger, and otherwise maltreated her.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence showed that the defendant forcibly took away his children from his wife and in doing so struck her and bit her finger, the conviction was sustained.

**4.—Same—Requested Charge—Intent.**

Where, upon trial of aggravated assault, the evidence showed that the defendant in an attempt to forcibly take his children from the peaceable possession of his wife, bit and otherwise abused her, there was no error in refusing requested charge on the question of intent to injure.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Morrow & Morrow,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with making an aggravated assault on Mrs. M. E. Dool.

The indictment in this case is drawn in conformity with the form prescribed in section 1001 of White's Annotated Code, and which has been frequently approved by this court, therefore the court did not err in overruling the motion to quash the indictment and in arrest of judgment.

The appellant was charged with making an aggravated assault on his wife. The testimony of the State shows that he struck her, bit her finger and otherwise maltreated her. Appellant objected to this testimony being admitted on the ground that as he was charged only with an aggravated assault no testimony should have been admitted showing that he was guilty of striking his wife, or as he states it, committed a battery in making the assault. Every battery includes an assault, and the contention is without merit. (Johnson v. State, 17 Texas, 565, Norton v. State, 14 Texas, 387.) The court did not err in admitting the testimony. (Turner v. State, 51 S. W. Rep., 366; Turner v. State, 54 S. W. Rep., 579.)

The evidence in this case would show that defendant and his wife did not get along agreeably, and one day while he was absent she left home, taking the three children with her. Upon appellant returning home, appellant followed his wife and went to the home of Mrs. Josie Pannell, a sister of appellant's wife, and where his wife had gone and carried the children. Appellant admits he went to the home of Mrs. Pannell for the purpose of taking the children away from his wife. He had a right to go there and obtain peaceable possession of the children if he could, but had no right to use force in obtaining possession of them. The mother had an equal right to the children that he, as their father, had, and if the wife had peaceably obtained possession and control of the children, the law pointed a way he could obtain possession of them, if the court so decreed. But our law does not sanction one using force to obtain what he desires. The wife was in possession of the children, and she had a right to defend and protect her possession, and if defendant by his conduct in seeking to forcibly take the children brought about a condition of affairs whereby he felt compelled to bite her fingers, as he says he did, he can not justify such an act by saying that when he picked up one of the children and started away with it, his wife caught hold of him and jerked him. To state the case in defendant's language, he says that after he got the child his wife grabbed him and he dragged her out of the house, and when he got out of the house he took hold of her two fingers and

broke her grip loose, when his wife grabbed hold of his beard and he bit her, when she again grabbed him and he dragged her around the house three times. When he says he got loose, he took two of the children in a buggy and left with them.

The court did not err in failing to give the special charge requested. The charge would only be applicable where one was acting in a lawful way, and the law in this instance does not justify the course pursued by defendant. A mother's love for her children is told in story and song, and appreciated by all mankind, and when the father seeks to take them away from her he must pursue the course pointed out by the law, if he expects to justify his conduct.

This being a misdemeanor, the other grounds in the motion present no error.

The judgment is affirmed.

*Affirmed.*