BENJAMIN WHITMAN AND IRA WHITMAN V. THE STATE.

No. 23729. Delivered June 25, 1947.

*Forse & Forse*, of Newton, for appellants.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The indictment charged appellants Benjamin Whitman and Ira Whitman, jointly, with the crime of assault with intent to murder Dorothy Anding, Alpha English, and Doyle Hinson. Upon a joint trial appellants were convicted of aggravated assault and the punishment of each fixed at a fine of $500.00 and thirty days' confinement in jail.

Dorothy Anding is the former wife of Benjamin Whitman. She and Benjamin Whitman had been divorced in August, 1946, prior to the alleged offense in March, 1947. The decree of divorce awarded to Benjamin Whitman the care and custody of their minor child. No exceptions or limitations as to the custody of the child were made. Benjamin Whitman placed the child in the home and in the care and custody of his sister, Mrs. Audie Williams, with whom the child was living at the time of the alleged offense. The difficulty here presented occurred over the custody of the child.

According to the State's testimony, Dorothy Anding and her sister, Alpha English, engaged Doyle Hinson to carry them to the Williams home on the day in question for the purpose of visiting and being with the child. When they arrived at the

Williams home the child and Mrs. Williams were in the yard and, upon seeing them approach, Mrs. Williams "grabbed up the baby and run inside the house, and Bennie and Ira both jumped out of their car with their guns." In addition to the drawing of the guns, the State's proof shows that Benjamin Whitman struck Dorothy Anding and Alpha English in the face with his hand or fist.

It was the theory of the defense that the alleged injured parties went to the Williams home for the purpose and with the intent of forcibly taking the child and removing her from the custody of Benjamin Whitman and Mrs. Williams. In support of this theory Mrs. Williams testified that:

"Dorothy jumped out of the car before it hardly had time to stop and run over and before she got to me she said the law had given her her baby and she come after it. I said, 'Dorothy, you will have to come in a different way to this to get the baby.' Dorothy said, 'The law has given me my baby and I have come after it;' and Alpha Belle said, 'Yes, that is right * * *.'" Alpha Bell was then about half way from the car to me. So, Bennie was driving up about that time and he got out of the car about that time, and Alpha Bell looked back and said, 'No, Dorothy, don't take the baby;' and Dorothy had already reached out and got hold of the baby's arms; she said, 'Dorothy, the law has already got us for kidnapping.' Bennie rolled out of the car and said, 'You will have to take me first.'"

There is no testimony corroborating the statement of Dorothy Anding that the law had given to her the custody of the child.

It was the appellant's contention that, under such facts, they were entitled to have the jury instructed to the effect that Benjamin Whitman had the right to use all reasonable and necessary force to prevent the removal of the child from his custody.

The trial court refused to instruct the jury upon and in accordance with that defense.

The conclusion is reached that the appellants were entitled to have that defense appropriately submitted and that, in failing so to do, the trial court fell into error—which requires a reversal of the conviction. The cases of Dool v. State, 67 Tex. Cr. R. 576, 150 S. W. 626; Carrel v. State, 77 Tex. Cr. R. 344,

178 S. W. 331; and 4 Tex. Jur., p. 880, Secs, 42 and 43, are referred to as supporting the conclusion.

For the error appearing, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.