## DANIEL PRINE AND FRANK SMITH v. THE STATE.

AUTERFOITS CONVICT.—Though a plea of *auterfoits convict* of a simple assault, founded on a trial before a justice of the peace, is no bar to a subsequent prosecution for an aggravated assault founded on the same act, the plea should be submitted to the jury, and the defendant acquitted, if they should find that a simple assault only had been committed. But if exceptions to the plea are sustained, and the accused convicted of an aggravated assault, the fact that the plea was not considered by the jury will furnish no ground for reversal.

APPEAL from Burleson. Tried below before the Hon. A. S. Broadus.

The appellants were arrested and tried before a justice of the peace for an aggravated assault on Edward H. Storms. They were found guilty, and fined for a simple assault. They were afterwards indicted for an aggravated assault, the indictment being founded on the same act for which they had before been tried. They plead the former conviction of a simple assault, and their former acquittal on the charge of aggravated assault before the magistrate. Exceptions to this plea were sustained, and both parties were convicted of an aggravated assault.

*Booth & Alexander*, for appellants.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—It would have been proper for the court to have permitted the special pleas of defendants to have been submitted to the jury with the plea of "not guilty." (Pas. Dig., art. 2972.) If the jury should have found them guilty of a simple assault and battery only, according to their view of the evidence, then they could have been acquitted under their special pleas. But as the jury found the defendants guilty of an aggravated assault and battery, that being an offense of which the justice of the peace had no jurisdiction, their special

pleas would not have availed the defendants as a defense in this case, and consequently they suffered no injury by their special pleas of *auterfoits acquit* and *convict* being overruled and excluded by the court.

The exclusion of the evidence of Mrs. Prine, in reference to the insulting words and conduct of the party assaulted on the day previous to the attack on him by defendants, was not error, because it did not constitute a justification, and, if admissible as a palliation, it was unnecessary, as the jury assessed the lowest possible fine for an aggravated assault and battery.

There is no evidence that Frank Smith struck any blows, but it is very plainly shown that he decoyed the victim, and was accommodatingly present to hold the gun while his confederate administered the punishment.

AFFIRMED.