## L. A. and W. Pritchford v. The State.

Practice.—At a trial for aggravated assault, before the county court, one of the defendants pleaded *autrefois acquit*, and the other *autrefois convict*, by a justice's court, of a charge based on the same breach of the peace. The county judge submitted to the jury the special pleas, along with the general issue; and the jury returned a verdict finding the special pleas not true, and convicting the defendants of aggravated assault. *Held*, that this practice was in accordance with the rules of procedure heretofore indicated by the supreme court.

Appeal from the County Court of Parker.   Tried below before the Hon. B. L. Richey, County Judge.

The nature and general features of this case are sufficiently disclosed by the opinion of the court; but, as the special pleas appear to have been drafted with more than ordinary care, it may serve a useful purpose to insert the material portions of them.

William Pritchford pleaded a former acquittal, as follows:

"Now comes the defendant, William Pritchford, in the above-entitled and numbered cause, and, for special plea herein, says that he has heretofore been tried and duly acquitted of the violation of law herein charged against him, for that, on, to wit, the 6th day of August, 1875, S. A. Winslow, the party named in the indictment herein, filed a complaint against this defendant and L. A. Pritchford, before D. W. Wristen, a justice of the peace in and for precinct number five, Parker county, Texas, charging this defendant and L. A. Pritchford with an assault and battery upon him, the said S. A. Winslow; that this defendant was duly arrested, and, on, to wit, October 2d, 1875, appeared before said D. W. Wristen in open court, and was then and there by said Wristen duly tried upon said charge, and acquitted; that said justice's court was then and there a court of com-

petent jurisdiction to try and determine said charge; that said violation of law for which he was so tried and acquitted was and is the identical and same violation of law or offense that is charged against him in the indictment herein. He is informed, believes, and so charges, that he was and is not guilty of an aggravated assault upon said Winslow, as charged in said indictment; but that, if he was guilty of any offense whatsoever, then it was an assault and battery upon said Winslow, and that he has been duly tried and acquitted upon said charge, before a court of competent jurisdiction, as will fully appear by reference to the certified copy of the judgment rendered by said D. W. Wristen as aforesaid, and which certified copy is hereto attached as part hereof, marked Exhibit A. Wherefore he prays to be discharged, with his costs, etc."

Exhibited with the plea was a transcript of the proceedings before the justice of the peace, concluding with his judgment acquitting William Pritchford, after a trial upon the merits had before him on October 2, 1875.

The other defendant, L. A. Pritchford, pleaded a former conviction, as follows:

"Now comes the defendant, L. A. Pritchford, in his own proper person, and, for special plea in this behalf, says that heretofore, to wit, on July 22, 1875, he was duly tried by D. W. Wristen, a justice of the peace in and for precinct number five, Parker county, Texas, upon an affidavit charging this defendant with an assault and battery upon S. A. Winslow; that this defendant then and there plead guilty to said charge, and was then and there fined by said court, as will more fully appear by reference to a certified copy of the judgment then and there rendered against him by said D. W. Wristen, justice of the peace aforesaid, and which is hereto attached as part of this plea, marked Exhibit B. This defendant avers and shows that the offense for which

he was tried and fined by said Wristen as aforesaid is the same identical violation of law herein charged against him ; that he was not then and there, as he believes, guilty of any aggravated assault and battery upon said Winslow ; that he believes, and so charges, that he, defendant, was then and there guilty of an assault and battery upon said Winslow, but that he is and was not guilty of an aggravated assault and battery upon said Winslow. Therefore he says that he has heretofore been tried and convicted, by a court of competent jurisdiction, for the same and identical violation of the law charged against him ; and he prays to be dismissed, with his costs."

With this plea also a transcript of the proceedings before the justice of the peace was filed, showing that L. A. Pritchford was tried on July 22, 1875, for an assault and battery on S. A. Winslow, and that he pleaded guilty, and was fined $1 and costs.

The county judge gave in charge to the jury the law relative to aggravated assaults and batteries, so far as it appeared germane to the evidence, and then instructed them as follows :

" If you find from the evidence that the grade of offense, as shown by the evidence, is not an aggravated assault and battery, but a simple assault and battery, you will then inquire whether the special pleas are true. The law is that a party once convicted or acquitted before a court of competent jurisdiction cannot be again tried for the same offense ; and you will first pass upon the special pleas of former conviction and acquittal, and if you find the special pleas true you will so say."

The jury found the special pleas not true, returned a verdict of guilty of aggravated assault and battery against both defendants, and assessed a fine of $100 against each of them.

*Shannon & Moran*, for the appellants, filed an able brief.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.    The appellants were indicted for an aggravated assault and battery upon one S. A. Winslow, and, as special preliminary pleas to the indictment, one interposed a plea of *autrefois acquit*, and the other a plea of *autrefois convict*, for the same offense, before a justice of the peace. These special pleas were submitted by the court to the jury, under appropriate instructions.    The jury found them guilty of an aggravated assault, and assessed their punishment at a fine of $100.

The proceedings in regard to the special pleas were in conformity with the rules of practice hitherto laid down in the decisions of our supreme court.    *Norton* v. *The State*, 14 Texas, 387 ; *Prine and Smith* v. *The State*, 41 Texas, 300 ; *Boggess* v. *The State*, 43 Texas, 347 ; *Richard Wilson* v. *The State*, 45 Texas, 76.

If objection could, with any show of propriety, be raised at all to the charge of the court, it might, perhaps, be that the charge was more favorable to the defendants, especially as to the punishment of the offense, than the law prescribes. We do not think, however, that any material right of the defendants, or either of them, was prejudiced in that regard, or by the refusal of the court to give the special instructions asked by the defendants.    The smallest and lightest fine or punishment affixed by law to the offense of aggravated assault has been imposed, when the evidence might well have warranted, in our opinion, a heavier penalty.

There were no extenuating circumstances.    The insulting words complained of were provoked by the rudeness, in the first instance, of one of the defendants, and he, himself a robust young man, afterwards gets his brother, also a robust young man, and in company together they follow the party assaulted, being an aged, gray-haired, decrepit

man, and, overtaking him where no one is near to prevent, they roughly drag him from his mule, and inhumanly beat and wound him until he is insensible.

The judgment of the lower court is in all things affirmed. *Affirmed.*