## JAMES ALLEN v. THE STATE.

1. AGGRAVATED ASSAULT — PENALTY. — The Revised Penal Code having ameliorated the penalty for aggravated assault, it was error, in a trial since it took effect, for an aggravated assault committed prior thereto, to give in charge to the jury the penalty prescribed by the original Code, unless the accused elected to receive that penalty.

2. FORMER CONVICTION before a Justice's Court for a simple assault constituted, under the old Code, no bar to a subsequent prosecution for aggravated assault, though both prosecutions were based on the same breach of the peace. And the Revised Code of Criminal Procedure explicitly provides for this character of defence in future. Art. 553.

3. "CHILD," as used in the definition of aggravated assault, is not synonymous with *minor*, or one under twenty-one years of age, but is used in its ordinary signification.

APPEAL from the County Court of Kaufman.  Tried below before the Hon. H. P. TEAGUE, County Judge.

The offence proved was four blows with a rope administered to a youth of sixteen years.  The conviction before the justice was on complaint of the youth himself, and he also filed the affidavit on which the information for aggravated assault was founded in the present case, wherein the jury assessed against the appellant a fine of $100.

An eloquent and erudite argument was filed for the appellant by some one whose modesty deterred him from appending his name thereto.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   On the trial, which was under an information for an aggravated assault, defendant pleaded former conviction for a simple assault, upon a valid prosecution founded upon and growing out of the identical transaction involved in this case.   In submitting this special plea to the jury, the court instructed them as follows: "In this case, if the jury find the defendant guilty of an aggravated assault and battery, they will not consider the special plea of defendant that he has before been convicted of the offence charged herein, but you will assess the punishment as hereinbefore defined."   The punishment before defined was that assessed by the old law, of not less than $100 nor more $1,000, etc.   Pasc. Dig., art. 2153.

At the time the trial was had and the charge given, to wit, 5th of August, 1879, the new Code was in operation, and the punishment for aggravated assault as affixed therein is "by fine not less than twenty-five nor more than one thousand dollars, or imprisonment in the county jail not

less than one month nor more than two years, or by both such fine and imprisonment." Rev. Stats., Penal Code, art. 498. Defendant was entitled to the punishment under the new law, it being in amelioration of the former, unless he had elected to receive the penalty prescribed by the law in force when the offence was committed. Rev. Stats., Penal Code, art. 15. This was a fundamental error. *Haynes* v. *The State*, 2 Texas Ct. of App. 84.

But the charge quoted was excepted to, and counter charges upon the special plea of former conviction were asked, and were refused by the court. It is strenuously insisted that the court erred in the charge given, and in refusing the special instructions asked, and we are cited to precedent and authority supporting the doctrine that the plea of *autrefois convict* or *acquit* is good " when the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first ; and this is true although the first trial was for a misdemeanor and the second for a felony." *Thomas* v. *The State*, 40 Texas, 39. "And that the prosecutor had a right to carve as large an offence out of the transaction as he could, yet he must cut only once." *Quitzow* v. *The State*, 1 Texas Ct. App. 47. As thus declared, the rule of practice is beyond controversy ; but it is not applicable in the present case. We had an express statute, before the adoption of the Revised Statutes, which regulated such cases and prescribed a different rule. It provided " that when a special plea alleges that the defendant has been before acquitted or convicted of the same offence upon a trial in a Justice's Court, and it appears on the trial, from the facts proved or the law governing the case, the court had no jurisdiction, the former conviction or acquittal shall have no effect whatever, and it is not necessary for the district attorney to reply to the plea in order to present the question of jurisdiction." Pasc. Dig., art. 2980.

A case directly in point, and one strictly in conformity

with the charge given, is *Prine* v. *The State*, 41 Texas, 300. Henceforth such a question cannot arise in any cases not tried upon indictment or information; for the law now is that " a former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offence, but shall not bar a prosecution for any higher grade of offence over which said court had not jurisdiction, unless such trial and judgment were had upon indictment or information, in which case the prosecution shall be barred for all grades of the offence." Rev. Stats., Cr. Code Pr., art. 553.

We are of opinion also that the court erred in refusing the first special instruction asked for defendant, in the following words : " The court instructs the jury that the term *child* means one of tender years, not a minor or under twenty-one years of age, and that they must take the word in its common acceptation." A bill of exceptions was reserved to the refusal of the court to give this charge. This special instruction was in keeping with the law upon that subject announced by this court in the case of *McGregor* v. *The State*, 4 Texas Ct. App. 599.

For errors committed by the court as above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*