## BOB WHITE v. THE STATE.

1. FORMER ACQUITTAL — FORMER CONVICTION. — The Code of Procedure, art. 553, provides that a former acquittal or conviction in a court of competent jurisdiction bars a further prosecution for the same offence, "but shall not bar a prosecution for any higher grade of offence, over which the said court had not jurisdiction, unless such trial and judgment were had upon indictment or information, in which case the prosecution shall be barred for all grades of the offence." *Held*, that a former acquittal or conviction in a justice's court, adjudged upon an indictment or information, and in a case within his jurisdiction, bars further prosecution·for the same or any other grade of the offence. If, however, the justice's judgment was not on an indictment or information, but on a complaint, it is not a bar to a prosecution for a higher grade of the offence, whereof he had no jurisdiction; but, in a prosecution for such higher offence, it may be pleaded for the purpose of defeating a conviction for any grade within the justice's jurisdiction.

2. SAME — CASE STATED. — Appellant was tried in the County Court for, aggravated assault, and pleaded a former acquittal adjudged in a justice's court on a complaint for assault and battery. The County Court refused to entertain the plea or hear evidence in support of it, and appellant was convicted of aggravated assault. *Held*, that the plea should have been entertained, as alleging a defence against the minor degree within the justice's jurisdiction; but, as the conviction is for an offence above that jurisdiction, and as the former acquittal was not on an indictment or information, the plea, if entertained and proved, could have availed nothing against the conviction, and the action of the County Court was not material error. Note the suggestion, in the opinion, of the proper practice in such cases.

3. PROOF OF THE VENUE of the offence must appear in the record, or the conviction will be set aside.

APPEAL from the County Court of Delta. Tried below before the Hon. C. S. NIDEVER, County Judge.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J.   The appellant was tried and convicted for an aggravated assault and battery upon Rich Carter.   To the

information he interposed the special plea of former acquittal before a justice of the peace on a charge of assault and battery. Though this plea was not excepted to by the State, the court below not only refused to permit the defendant to introduce evidence in support of this plea, but ignored it entirely; and of this the defendant complains. From art. 553, Code of Criminal Procedure, we deduce the following propositions, each proceeding upon the supposition that the justice had no jurisdiction of the higher grades of the offence : —

1. If the defendant is convicted or acquitted before a justice, upon indictment or information, of simple assault and battery, he can plead it (the conviction of acquittal) to an indictment or information charging a higher grade of the offence — can plead it to all grades.

2. If the defendant is convicted or acquitted before a justice upon *complaint*, and *not* upon an indictment or information, he can plead it to an indictment or information charging a higher grade of the offence; but not for the purpose of defeating a conviction of the higher grade, but a conviction of grades over which the justice had jurisdiction.

The defendant having been tried and acquitted upon a complaint before a justice, and the justice not having jurisdiction of the offence here charged in this information, the defendant can plead it only to prevent a conviction of a simple assault, or assault and battery. While it would have been proper for the court to have submitted the special plea to the jury with the plea of not guilty, so that it would have been a bar to a conviction of simple assault and battery, yet, as the jury found the defendant guilty of an aggravated assault and battery, that being an offence of which the justice had no jurisdiction, and the defendant not having been tried and acquitted upon indictment or information, his special plea could not have availed in this trial, and consequently no injury could have resulted to the defendant by

the action of the court in relation thereto. *Prine* v. *The State*, 41 Texas, 300.

We desire to state that the rule requiring that the special plea should be submitted to the jury along with the plea of not guilty, and the jury charged to first return a verdict on the truth of the special plea, does not apply to a case of the above character. In this case, a verdict that the plea is true would not meet the higher·grade. The proper practice would be to submit the special plea along with the plea of not guilty, with instruction to the effect that if the jury should find the defendant guilty of an aggravated assault and battery, then, in that case, they would not consider the special plea; but in the event they should find the defendant guilty of a simple assault and battery, then they should consider the special plea, and if it is found true they should acquit.

But if the conviction or acquittal was had upon indictment or information, notwithstanding the justice (or court) had no jurisdiction of the higher grade of the offence, both pleas should be submitted to the jury at the same time, with instruction to first return a verdict upon the truth or falsity of the special plea. The rule of the Code prevails in this state of the case. For the rule, see Code Cr. Proc., arts. 542, 712; *Davis* v. *The State*, 42 Texas, 494; *Pickens* v. *The State*, *ante*, p. 270, decided at this term.

As this judgment must be reversed on another point, the court below, upon another trial, should submit this plea along with the plea of not guilty, with instructions applicable to the peculiar features of this case. The evidence in this case required a charge on the right of self-defence, which was given at the request of defendant, and was very liberal to him.

We have searched thoroughly for the slightest fact or circumstance showing the venue of this offence, but have failed. So far as the statement of facts goes, there is not the re-

motest hint on that question ; and as the defendant moved for a new trial on the ground that the judgment was not supported by the evidence, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*