## J. J. PUTMAN v. STATE.

No. A-294.  Opinion Filed August 29, 1911.

(117 Pac. 460.)

1.  JUDGMENT—Determining Issues—Plea in Abatement.  Sec. 6755, Snyder's Stat., provides that a plea of former conviction of the offense charged may be interposed either with or without the plea of not guilty.  Sec. 6773 provides that an issue of fact arises upon a plea of former conviction.  Sec. 6873 provides that upon a plea of former conviction a verdict must be either "for the state," or "for the defendant," and sec. 6879 provides that "no judgment of conviction can be given unless the jury expressly find against the defendant, upon the issue, or judgment be given against him on a special verdict."  Held, that, where a plea of not guilty and also a plea of former conviction of the same offense have been interposed, there must be a verdict on both pleas before a judgment of conviction can be pronounced and entered.

2.  SAME.  Where the defendant enters a plea of "not guilty," and also a plea of "former conviction of the same offense," he is entitled to have both pleas passed upon by the jury before judgment can properly be pronounced and entered, and a judgment of conviction will be reversed if the jury fails to find a verdict on the latter plea, unless the record shows that it was waived or withdrawn.

(Syllabus by the Court.)

*Appeal from County Court, Washita County; R. L. Shean, Judge.*

J. J. Putman was convicted of the crime of selling intoxicating liquor, and appeals.  Reversed.

*Smith & Wagner,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  J. J. Putman was convicted of the crime of unlawfully selling whisky and was sentenced to be imprisoned

in the county, jail for a term of thirty days, and to pay a fine of one hundred dollars, and in default of the payment of said fine that he be further imprisoned until the same is satisfied according to law.

Motions for new trial and in arrest of judgment were over-ruled, exceptions allowed, and the judgment and sentence was entered on the 23rd day of February, 1909. From which judgment an appeal was taken by filing in this court on August 18, 1909, a petition in error with case-made attached.

The information charges that:

"The said J. J. Putman did on said 5th day of December, 1908, unlawfully and wilfully sell, barter, and furnish intoxicating liquor, to wit, whisky to one Taylor Igo, said whisky being sold, bartered and furnished said Igo late in the afternoon of said 5th day of December, 1908."

Upon arraignment the defendant entered a plea of not guilty, also a plea of former conviction of the same offense. Which plea the record shows was as follows:

"Comes now the defendant herein, and pleads that he has already been tried and convicted of the offense charged in this information by the judgment of the county court of Washita county rendered at Cordell, said county and state, on the 27th day of January, 1909, that the information in both cases charged the defendant with having unlawfully sold, furnished or given to one Igo on the 5th day of December, 1908, in Washita county, Oklahoma, whisky, both informations charging the same offense to have been committed by and between the same parties, and the same county on the same date, and that the offenses charged in both informations are one and the same."

In support of the plea of former conviction of the same offense the defendant offered in evidence the records of the court showing the information, plea, trial and judgment thereon. Which judgment of conviction was by this court affirmed on April 25, 1911. 115 Pac. 1132, 5 Okla. Cr. 698.

The first information charged as follows:

"The said J. J. Putman did on the said 5th day of December, 1908, unlawfully, wilfully sell, barter and furnish intoxicating liquor, to wit, whisky, to one Taylor Igo, said whisky being

sold, bartered and furnished said Igo near the middle of the day on the said 5th day of December, 1908."

A trial was had and the jury returned a verdict of guilty, and assessing the penalty without returning a verdict on the plea of former conviction. Of the various assignments of error it is only necessary to consider the first:

"That the court erred in overruling defendant's motions for new trial and in arrest of judgment."

One of the grounds of the motion for a new trial and the motion in arrest of judgment is as follows:

"For the reason that said verdict of the jury is not a sufficient verdict, not in accordance with the law in such cases made and provided, is not a finding on the issues in this case; is not such a verdict as will sustain a judgment and sentence, it being a general verdict on the single plea of 'not guilty' and no verdict of the jury at all on the issue and plea of 'former conviction' entered in said cause."

The provisions of Procedure Criminal pertinent to the question presented are as follows:

Sec. 6755, Snyder's Stat. 1909, provides:

"There are three kinds of pleas to an indictment. A plea of: 1st, Guilty; 2nd, Not guilty; 3rd, A former judgment of conviction or acquittal of the offence charged, which may be pleaded either with or without the plea of not guilty."

Sec. 6764:

"When the defendant shall have been convicted or acquitted upon an indictment the conviction or acquittal is a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment."

Sec. 6773:

"An issue of fact arises, 1st, upon a plea of not guilty, or, 2nd, upon a plea of former conviction or acquittal of the same offense."

Sec. 6873:

"A general verdict upon a plea of not guilty, is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the indictment. Upon a plea of a former con-

viction or acquittal of the ·same offense, it ʹis either ʹfor the·state', or 'for the defendant.' "

. And sec. 6879 .in part' provides':

"No judgment of conviction can be given unless the jury expressly find against the defendant, upon the issue, or judgment be given against him on a special verdict."

The record shows that the issues upon both pleas were submitted to the jury, and· that the jury returned a verdict on the plea of not guilty only and made no finding on the issues raised upon the plea of former conviction and the evidence offered in support thereof.

It is our opinion that the defendant was entitled to have both of his pleas passed upon by the jury, and a verdict returned on each plea before a judgment of conviction could be properly pronounced and entered in the case against him. For this reason the court committed reversible error ·in ·overruling defendant's motion in arrest of judgment.

Our Criminal Procedure upon this subject is substantially the same as the Penal Code of .California.

In the case of *People v. O'Leary*, 16 Pac. 884, it .was held:

"The rule is well settled in this state that if, in a criminal case, there be a plea of not guilty, and also a plea of former conviction or acquittal, the defendant .is entitled to a verdict on each plea, and until there· is such a verdict there can be no judgment of conviction. *People v. Kinsey*, 51 .Cal. 279 ; .*People v. Helbing*, 59 Cal. 567 ; *People v. Fuqua*, 61 Cal. 377."

In the case of *People v. Tucker*, 47 Pac. 111, that court holds that:

"Where defendant pleads 'not guilty,' and 'once in ·jeopardy,' a conviction will be set· aside if the· jury fail to find on the latter plea, unless the record shows that it was waived or withdrawn."

*People ·v. Hamberg*, 84 Cal. 468, 24 Pac. 298, and ·*People v. Eppinger*, 109 Cal. 294, 41 .Pac. 1037, are of the. same general tenor, and to the same effect.

As the judgment must be reversed for the reason stated, we deem it unnecessary to ·give special consideration to the other errors assigned.

Judgment reversed and cause remanded to the county court of Washita county.

FURMAN, P. J., and ARMSTRONG, J., concur.