## CLARENCE BARTON v. STATE.

No. A.-4357. Opinion Filed Jan. 22, 1924.

(222 Pac. 272.)

(Syllabus.)

1. **Arrest—Arrest Without Warrant of Operators of Still.** Officers who saw defendant operating a moonshine still had the authority to arrest him and seize the still and appliances without a warrant.

2. **Evidence—Searches and Seizures—Seizure Without Search Warrant of Still Operated in Open not Unlawful—Admissibility of Evidence.** Seizure without search warrant of a moonshine still operated in the open held not to violate Bill of Rights, § 30, which prohibits "unreasonable searches or seizures," and the still and utensils seized and officers' testimony relating thereto were admissible.

3. **Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Manufacture.** In a prosecution for manufacturing intoxicating liquor, evidence held sufficient to sustain the verdict and judgment of conviction.

Appeal from County Court, Canadian County; W. N. Wallace, Judge.

Clarence Barton was convicted of unlawfully manufacturing intoxicating liquors, and he appeals. Affirmed.

Babcock & Trevathan, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. Under an information charging appellant, Clarence Barton, with unlawfully manufacturing intoxicating liquor, to wit, six gallons of whisky, and alleging the process of manufacturing said whisky, appellant was tried and convicted and his punishment fixed at confinement in the county jail for six months and a fine of $500. From the judgment rendered in pursuance of the verdict, he appeals.

The errors assigned are that the court erred in the admission of evidence, and in rejecting certain testimony, and

in the instructions given, and in refusing requested instructions, and in overruling motion for a new trial.

The following facts are undisputed: Will Lamb, a constable, in company with three other officers, after having secured a search warrant authorizing them to search S. W. quarter of section 15, township 13 north, range 7 west, I. M., said land owned by Mr. Carter, proceeded to the place. This land was all pasture. There was a deep canyon on the land. The officers proceeded into this canyon and came upon appellant armed and operating a large still. The officers were enabled to locate the still by the smoke ascending from the fire by which it was operated, and upon reaching it found it in full operation. It had a cooker with a capacity from 50 to 60 gallons. Near by were 16 barrels of mash, and about 6 gallons of whisky had already been distilled. When appellant saw the officers approaching, he ran away. Two of the officers chased him down the canyon, and several shots were fired. He stopped and gave himself up. They brought him back to where the still was, and appellant suggested to Lamb that he "let him out of this." He admitted operating the still and gave as a reason that he was in debt and was simply trying to get by.

Counsel for appellant objected to any evidence being admitted for the reason that the search warrant was illegal; that it was not served on appellant; that it was not delivered to the officer to whom it was directed.

The search warrant was directed to the sheriff of Canadian county. The search warrant, however, was never used.

It appears from the record that appellant had no greater right to operate the still on the land than had the officers of the law to enter it, and the unlawful operation of the still by appellant was seen by the officers, and was an offense com-

mitted in their presence. Therefore they had the authority to arrest him and seize the still and appliances without a warrant or without serving the search warrant.

In Francis v. State, 26 Okla. Cr. 82, 221 Pac. 785, it was held by this court that seizure without warrant of a moonshine still, operated in the open, was not in violation of Bill of Rights, § 30, which prohibits "unreasonable searches or seizures," and the property seized and officers' testimony relating thereto were admissible.

Upon the record in this case it would subserve no useful purpose whatsoever to write an opinion specifically considering counsel for appellant's contentions and our reasons for overruling them.

We deem it sufficient to say that upon a consideration of the whole case we are of opinion that no error prejudicial to appellant was committed on the trial.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.