## CLARENCE BARTON v. STATE.

No. A-4359.   Opinion Filed Feb. 16, 1924.

(222 Pac. 1019.)

(Syllabus.)

**Former Jeopardy—Conviction of Unlawful Manufacture Bar to Conviction for Unlawful Possession of Liquor.** One cannot manufacture whisky illegally without at the same time having illegal possession of the same whisky; therefore a conviction for the former offense will be a bar to a conviction for the latter, where both are predicated on one transaction, at one and the same time.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Clarence Barton was convicted of the illegal possession of whisky, and he appeals. Reversed, with directions to dismiss cause.

Babcock & Trevathan, for plaintiff in error.

The Attorney General and N. W. Gore and J. Roy Orr, Asst. Attys. Gen., for the State.

BESSEY, J. Clarence Barton, plaintiff in error, here referred to as the defendant, was by verdict of a jury rendered January 23, 1922, found guilty of the illegal possession of certain whisky, and his punishment was assessed at

confinement in the county jail for a term of six months and a fine of $300. From the judgment on the verdict he appeals.

Certain peace officers, armed with a search warrant authorizing them to search a tract of unimproved land, where the officers had information they might find an illicit whisky still, went to this tract and found the defendant there, armed, in a deep canyon surrounded by trees and underbrush, engaged in operating a still. Near the still they found a five-gallon container full of whisky and another vessel into which whisky from the still was being drained. The defendant acknowledged that the still and the whisky belonged to him. The land belonged to some other person, who, so far as the evidence discloses, had no knowledge of or connection with the operation of the still. After his arrest the defendant explained that he had selected this place for his still because he thought he could make whisky there without being discovered; that he had a note or some debts that would soon mature and was making this whisky for the purpose of raising money to pay these obligations.

Upon this showing the defendant was convicted of illegally manufacturing whisky, and the judgment in that case has been affirmed by this court, 26 Okla. Cr. 89, 222 Pac. 272, opinion of January 22, 1924. Now, in this case, he stands convicted of the illegal possession of the same whisky at the same time. At the trial in this case he interposed a special plea of former jeopardy. The facts are not disputed. The evidence in both cases is practically identical, and the question of former jeopardy is therefore, under the circumstances here, purely a question of law.

It is well settled everywhere that a conviction for an offense will bar a subsequent conviction for a lesser degree

of that offense, or for an offense that is a necessary ingredient of the offense for which a conviction has already been had, where both prosecutions grow out of the same transaction. It is apparent that one who makes whisky in the hidden recesses of an unfrequented canyon on another's land violated the law, no matter what his purpose. Whether he may be making it for his own use or for scientific or mechanical purposes the manufacture is illegal. Where, as here, the record in both cases shows that the whisky was made and possessed, at the same time, for the purpose of sale and profit, we think the manufacturing necessarily includes the illegal possession. Defendant manufactured it with intent to sell it, and he had it in his possession with intent to sell it. The state is therefore seeking to punish the defendant twice for inseparable parts of the same transaction.

This seemingly simple question presents a case that comes near the dividing line between two established rules relating to the question of former jeopardy: First, that a conviction of a lesser degree of an offense cannot stand where the accused has suffered for the greater; and, second, that where the offenses are not of the same nature, and where different proof will be required to sustain each, the accused may be convicted of both.

In the case of Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64, it was held that where a defendant had been previously acquitted by a jury on an information charging him with maintaining a place where liquor was kept for the purpose of selling it, he could not later be convicted on a charge of illegal possession of the same whisky. In the case of Jackson v. State, 11 Okla. Cr. 523, 148 Pac. 1058, the court held that where a defendant had been previously acquitted of transporting intoxicating liquor, he could not

later be tried and convicted on the charge of having illegal possession of the same liquor.

Where one was convicted of the unlawful manufacturing of intoxicating liquor and was subsequently convicted of having in his possession, unlawfully, the implements and materials used to make the liquor so possessed, the United States Circuit Court of Appeals said:

"We do not understand it necessary to double punishment that each offense contain an element not found in the other. To our minds there is nothing illogical in the fact that the question of double punishment, in the contingencies stated, is made to depend upon the accidental order of prosecution. Indeed, as a practical proposition, a court, in punishing under the later conviction, would naturally take into account the prior punishment for an offense which was but an incident of the subject of the later prosecution." Reynolds v. U. S., 280 Fed. 1.

Since one cannot manufacture whisky illegally without at the same time having illegal possession of it, we conclude that the former offense includes the latter, and that a conviction for the former will be a bar to a conviction for the latter, where both are predicated on one transaction at one and the same time.

The judgment of the trial court is reversed, with directions that the cause be dismissed.

MATSON, P. J., and DOYLE, J., concur.