GARRETT KEENAN et al. v. STATE.

No. A-5344.   Oinion Filed March 8, 1926.
(243 Pac. 1001.)

A. A. Brown, for plaintiffs in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiffs in error, here referred to as the defendants, were jointly tried and convicted of having in their possession a quantity of mash fit for distillation of intoxicating liquor. The punishment of defendant Garrett Keenan, the father, was fixed by the court at a fine of $200 and confinement in the county jail for a period of 60 days; that of Lloyd Keenan, the son, at a fine of $100 and confinement in jail for 45 days; and that each defendant pay one-half of the costs of the prosecution.

The information was in two counts, as follows:

(1) That they, the said Garrett Keenan and Lloyd Keenan, did then and there unlawfully, wrongfully, and intentionally have in their possession, set up, and cause to be fermented mash and wort fit for the distillation and manufacture of intoxicating liquor.

(2) They, the said Garrett Keenan and Lloyd Keenan, did then and there unlawfully, wrongfully, and intentionally have the possession of and knowingly permit a certain still, used in the manufacture of intoxicating liquor, to be upon their premises, the said premises being under their control, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the state.

This information was attacked by a demurrer, on the grounds of duplicity and that neither of the counts sufficiently stated an offense against the laws of the state of Oklahoma. The demurrer was by the court overruled. The objections incorporated in the demurrer were again urged by objections to the introduction of testimony, and further objection to the introduction of certain evidence was made for the reason that the same had been procured by an unauthorized search and

seizure. These objections were likewise overruled. At the close of the testimony, the county attorney elected to stand upon the first count of the information. The defendants then moved that all the testimony relative to the still and the incidents and conversations connected with it be excluded. This motion was also denied.

Section 1 of the act under which this prosecution was brought, chapter 42, Session Laws of 1923-24, makes it unlawful for any person to manufacture, ferment, or possess any compound, mixture, mash, wort, or wash fit for distillation, for the purpose of illegally distilling alcoholic liquor. Section 2 of the act makes it unlawful for any person to keep or have in his possession any still worm, or still, capable of being used for the illegal manufacture of whisky. The provisions of these sections define two separate and distinct offenses.

Section 2558, Comp. Stat. 1921, provides that an indictment or information must charge but one offense; but that where the same act may constitute different offenses, * * * the different offenses may be set out in different counts in the same information, and the accused may be convicted of either offense.

But the facts alleged and proved in this case do not bring it within the exception named in section 2558, supra, because the acts constituting the making and fermenting of mash are not the same acts constituting the erection and possession of a still. The demurrer should have been sustained, and the election of the county attorney to stand upon the first count, without the exclusion of the evidence relating to the second count, did not cure this error.

With reference to the search and seizure, which

were accomplished without a search warrant, it has been held by this court that no search warrant is necessary to authorize a search and seizure of a still or mash in pastures, woods, canyons, thickets, and places remote from the home and habitation of the owner. Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Barton v. State, 26 Okla. Cr. 89, 222 P. 272. That portion of the evidence procured at the house and within its curtilage was illegally procured by an unauthorized search and seizure, and should have been excluded. Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

This record indicates that these defendants were guilty of erecting, maintaining, and operating a still. The only extenuating circumstance shown in the evidence is that it was a modern copper still, and that the product therefrom was to be kept in oaken kegs, charred on the inside. The court regrets that the conviction cannot be sustained, but for the reasons stated above we are compelled to adjudge a reversal.

The cause is accordingly reversed and remanded.

DOYLE and EDWARDS, JJ., concur.