## JAMES HOURIGAN v. STATE.

No. A-5856.   Opinion Filed Aug. 18, 1927.
(258 Pac. 1057.)

12

Morgan, Osmond & Morgan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county on a charge of setting up, to be used as a distillery, a still worm and substitute therefor, and he was sentenced to pay a fine of $50 and to be confined in the county jail for 30 days.

This is a companion case to case No. A-5855, 38 Okla. Cr. 10, 258 P. 1057, just decided, and the conviction rests on substantially the same evidence as the conviction in that case. Under the provisions of sections 2619 and 2626, Comp. Stat. 1921, in addition to his plea of not guilty defendant also filed a formal plea of former conviction. In support of this latter plea, the information, the verdict of the jury, and the judgment and sentence in the former case were admitted in evidence, and oral testimony was introduced in substance and to the effect that the evidence of the state's witness in the former case was substantially the same as that given in the instant case. The court also instructed the jury that defendant had entered a plea of former jeopardy by reason of his conviction in a former case, and that he could not twice be placed in jeopardy for the same offense.

The "same offense" as the term is used in the con-

stitutional guaranty, section 21, art. 2, state Constitution, and the statutes just referred to, does not mean the same offense eo nomine, but means the same criminal act, transaction, or omission. To constitute a good plea on the ground of former jeopardy, the offense in which the plea is made must be the same as that in which jeopardy has attached. But to make the offenses the same, the information need not be in identical language. The offenses may differ in name and yet be the same. First Bishop's New Criminal Law, par. 1050.

Where the same testimony will support both charges, it is generally said that the offenses are the same. Estep v. State, 11 Okla. Cr. 103, 143 P. 64. The testimony in the case at bar is practically the same as the testimony given in No. A-5855. It discloses that at the time charged defendant with others had possession of the parts of a still and a quantity of mash. Defendant has been convicted of having possession of mash. The state may not split or divide up an offense into the different parts and punish an accused for each of such parts. Hirshfield v. State, 11 Tex. App. 207.

If an accused in one act and transaction should steal different items of property from different owners, he is guilty of but one crime, or if in one act or transaction he should transport or have possession of whisky, beer, wine, and alcohol, certainly he could not be punished for each separate item, but the possession of all would constitute but one offense. Bishop says:

"We now come to questions inherently difficult, and made more so by contradictory and confused decisions from many of the courts. In reason, in these cases of offenses included within one another wherein if, as we have seen, a man has been put in jeopardy for the one which includes all the rest he has been so also for each one of the others, it cannot be competent for the government to indict him first for the lowest, then for the one next, and so on through all the graduations to the highest.

When he has been put in jeopardy for the lowest, then, for example, is prosecuted for the highest, our constitutional guaranty stands in the way of his being convicted a second time for the lowest. For a jeopardy of the highest is equally a jeopardy of the lowest. And since the government confessedly cannot begin with the highest, and then go down step by step bringing him into jeopardy for every dereliction included therein, neither can it begin with the lowest and ascend to the highest with precisely the same result. Some apparent authority, therefore, English and American, that jeopardy for the less will not bar an indictment for the greater, must be deemed unsound in principle. * * *"

If the state elects through its authorized officers to prosecute an offense in one of its phases or aspects, it cannot afterwards prosecute for the same criminal act, or series of acts under color of another name.

A reversal is also required upon another point. In this case the matter of former jeopardy was submitted to the jury, and defendant requested that the verdict upon this point be furnished the jury. His request was not complied with and no verdict upon the plea of former conviction was returned. It is well settled that where a plea of former conviction is entered with a plea of not guilty, a defendant is entitled to have both pleas passed upon by the jury. Sections 2639 and 2738, Comp. Stat. 1921; Putman v. State, 6 Okla. Cr. 138, 117 P. 460; Bonham v. State, 6 Okla. Cr. 227, 118 P. 159.

Of course, if the plea of former jeopardy be insufficient as a matter of law or the evidence shall not support it, the court is not required to submit it to the jury and no verdict upon the plea is necessary. Hartgraves v. State, 5 Okla. Cr. 266, 114 P. 343, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180; Hamlin v. State, 8 Okla Cr. 187, 126 P. 704; Kent v. State, 8 Okla. Cr. 188, 126 P. 1040; Scribner v. State, 9 Okla. Cr. 465, 132 P. 933, Ann. Cas. 1915B, 381; Dunn v. State, 15 Okla. Cr. 245, 176 P. 86.

The case is reversed and remanded, with instructions to dismiss.

DOYLE, P. J., and DAVENPORT, J., concur.