## A. J. LAWSON v. STATE.

No. A-6025. Opinion Filed Oct. 22, 1927.
(260 Pac. 87.)

Robertson & Ammons, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information charged that A. J. Lawson did have in his possession 30 gallons of whisky mash, fit for distillation for the manufacture of whisky. On the trial the jury returned a verdict of guilty and fixed his punishment at a fine of $50 and confinement in jail for 30 days.   To reverse the judgment rendered on the verdict he appeals and assigns as error that the court erred in allowing the officers to testify over his objections to a search of his premises, in that said search was made before service of a search warrant on the defendant.

The undisputed facts are that on the 2d day of July, 1925, two officers going up a branch on the defendant's place found where they had been making whisky. There was a furnace, fire, and coals, and it looked like a run of whisky had just been made.   They went up the fence and looked over in a cotton patch.   There were three barrels there covered with a wagon sheet.   They examined the barrels and found one contained about 30 gallons of whisky beer.   A trail led direct from the residence to where the barrels were standing and from there to where several runs of whisky had been made. Not very far from there they found a whisky still and a

boiler. They then went to the defendant's house and told them what they had found. He said: "All right, look all you please; go ahead, you have found all there is to find on this place," and said that the barrel contained Chock; that he had just made it for his own use.

J. M. Rushing, deputy sheriff, testified that he told the defendant, "I have a search warrant," and the defendant said, "You don't need any."

At the close of the evidence for the state, counsel for the defendant asked that the search warrant be produced. Thereupon the county attorney announced that the records of A. E. Chapman, justice of the peace, who issued the search warrant, were destroyed in the courthouse fire, July 17, 1926. Thereupon counsel for the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled.

By numerous decisions of this court it has been held that no search warrant is necessary to authorize the search and seizure of a still or mash in the pastures, woods, canyons, thickets, and places remote from the habitation and its curtilage. Francis v. State, 26 Okla. Cr. 82, 221 P. 785; Barton v. State, 26 Okla. Cr. 95, 222 P. 272; Keenan v. State, 33 Okla. Cr. 400, 243 P. 1001.

Upon the record before us we are satisfied that the objections interposed to the admission of the state's testimony were properly overruled.

The judgment of the trial court is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.