## WILL LOVE v. STATE.

No. A-6364. Opinion Filed Dec. 24, 1928.
(272 Pac. 1035.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of resisting an officer, and his punishment was fixed at a fine of $250.

Defendant interposed a plea of former jeopardy. The court refused to hear any evidence on the plea, and summarily overruled it. The only contention made here is that the plea of former jeopardy constituted a complete defense and that the court erred in rejecting it. The history of the case is as follows: On June 25, 1925, defendant and one Perryman engaged in a difficulty in the town of Boynton. Charles Epperson and Bill Worley, peace officers, arrested defendant, who, after apparently submitting to

arrest, suddenly pulled Epperson's gun from its scabbard and pointed it at both officers, saying he would not go with them and ordering them to leave. Epperson seized defendant's arm and attempted to recover the gun, and a scuffle ensued. At this time a Mexican named Pete Samara came up, secured Worley's gun, and killed Epperson. A joint charge of murder was filed against defendant and Samara. Upon the preliminary trial Samara was held for murder without bail, and defendant was held for attempting to kill Epperson with the revolver he had taken from him. Samara was tried and convicted on the murder charge and was sentenced to life imprisonment. The case against defendant charging an attempt to kill came on for trial, a jury was impaneled and sworn and evidence of several witnesses taken, and then, upon motion of the county attorney, the court dismissed the charge. Thereafter the present case charging defendant with resisting an officer was filed in the city court of Muskogee and a trial had. Defendant was convicted and sentenced to serve a term of 12 months in the county jail and to pay a fine of $500. From this judgment he appealed to the district court of Muskogee county, where the case was tried de novo. The jury returned its verdict finding defendant guilty of resisting an officer and assessed his punishment as stated. The plea of former jeopardy by reason of the proceedings upon the charge of attempting to kill was interposed orally in the city court and was renewed in the district court. The record discloses the following:

"Mr. Hartsell (counsel for defendant): I want to enter a plea of former jeopardy. I would like, if agreeable to the county attorney, to enter the plea of former jeopardy and renew the same as it was entered in the lower court; and at this time add to the plea of former jeopardy this, to wit, the defendant says that he was heretofore acquitted of this charge of which he now stands accused in this cause, in cause number 3771 in the case wherein the State of Oklahoma was plaintiff and Will Love was defendant, then pending in the district court of Muskogee county,

Oklahoma, wherein in said case a jury was duly impaneled and sworn to try the cause; that the state offered proof in support of said information in cause number 3771 and after the jury had been duly sworn and impaneled and the proof so offered, the county attorney dismissed said action for want of sufficient evidence to sustain the charge."

Then follows a recital in detail of the difficulty upon which the charge is based and of the proceedings in the former case. A stipulation in open court between counsel for defendant and the county attorney, in which the facts were admitted substantially as recited. Further, the record recites:

"The Court: You do not claim it is the same offense? Mr. Hartsell: The same criminal act and transaction. (Thereupon said matter was duly argued by counsel.) The Court: I understand that Judge Vernor has already passed upon this matter. I am not going to take this up if Judge Vernor has passed upon it. Mr. Hartsell: I want to offer in evidence this complaint and information, and to make my record. The Court: You have a right to; let the record show that the court refuses to hear any testimony upon this because of the fact that Judge Vernor has passed upon it. Mr. Hartsell: The defendant excepts, and now offers to prove each and every allegation set forth in the above and foregoing motion. The Court: The offer is denied. Mr. Hartsell: The defendant excepts. And the defendant now offers in evidence the original complaint filed in the City Court in Cause number 6045, as defendant's Exhibit A. (The instrument referred to is by the Reporter marked as defendant's Exhibit A.) Mr. Hartsell: And the defendant also offers in evidence the original information filed in the district court of Muskogee county, Oklahoma, in Case number 3771, as Exhibit B. (The instrument last referred to is by the Reporter marked as defendant's Exhibit B.) The Court: The court will just refuse to hear it on the ground that it has already been passed on. I am not going to hear any evidence. Mr. Hartsell: I don't want the court to misunderstand me, and I don't want to misunderstand the court. I am merely offering this proof, and I assume that the court is going to refuse the offer and give us an exception. The Court: Yes, sir."

The charge in this case is not the same charge eo nomine as in case No. 3771, district court, Muskogee county, and the proof required to convict in this case must be different in some measure and in some particulars from the proof that would have been required to convict in case No. 3771. There is no question, however, but what the charge in this case is based upon the same criminal act and transaction as the charge in case No. 3771. The entire transaction took place at the same time, the pistol was one and the same in both cases, the witnesses are one and the same, and the whole transaction of disarming the officer and taking his gun is one and the same assault.

Our Constitution, art. 2, § 21, is as follows:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Section 2350, Comp. St. 1921, reads:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted except as hereinafter provided for new trials."

Section 2558, Comp. St. 1921, reads:

"* * * Where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense. * * *"

The decisions of this court have uniformly held that as used in the constitutional provision above quoted providing that no person shall be twice put in jeopardy for the same offense, the term "same offense" does not signify

the same offense eo nomine, but the same criminal act, transaction, or omission. Also, that where the state elects through its authorized officers to prosecute an accused for an offense in one of its phases or aspects and upon his trial the accused is convicted or acquitted by a jury, the state cannot afterwards prosecute the same criminal act or transaction under color of another name. Estep v. State, 11 Okla. Cr. 103, 143 P. 64; Jackson v. State, 11 Okla. Cr. 523, 138 P. 1058; Barton v. State, 26 Okla. Cr. 150, 222 P. 1019; Hourigan v. State, 38 Okla. Cr. 11, 258 P. 1057; Courtney v. State, 41 Okla. Cr. 29, 269 P. 1059; Fox v. State, 50 Ark. 528, 8 S. W. 836; In re Nielsen, 131 U. S. 118, 9 S. Ct. 672, 33 L. Ed. 118.

The pleas that may be entered in criminal cases and the manner in which they are to be entered are covered by sections 2617, 2618, and 2619, Comp. St. 1921:

"2617. There are three kinds of pleas to an indictment or information. A plea of: First. Guilty. Second. Not guilty. Third. A former judgment of conviction or acquittal of the offense charged, which must be specifically pleaded, either with or without the plea of not guilty.

"2618. Every plea must be oral, and must be entered upon the minutes of the court.

"2619. The plea must be entered in substantially the following form: First. If the defendant plead guilty: The defendant pleads that he is guilty of the offense charged in this indictment or information. Second. If he plead not guilty: The defendant pleads that he is not guilty of the offense charged in this indictment or information. Third. If he plead a former conviction or acquittal: The defendant pleads that he has already been convicted (or acquitted, as the case may be), of the offense charged in this indictment or information by the judgment of the court of * * * (naming it), rendered at * * * (naming the place), on the * * * day of. * * *"

The plea of former jeopardy entered is indefinite in this that it does not allege that the jury, after having been

impaneled and sworn in case 3771, was unnecessarily discharged by the court, without the consent of defendant. This should appear in order to fully plead jeopardy on the ground of former acquittal, where a discharge of the jury without verdict is relied upon to constitute a bar. Loyd v. State, 6 Okla. Cr. 76, 116 P. 959. The plea of former jeopardy is an affirmative plea, and the burden of sustaining it is on the defendant. Harris v. State, 17 Okla. Cr. 69, 175 P. 627. While the plea is defective in the particular stated, yet is as full as required by section 2619, supra. The statements made in entering the plea of jeopardy and the admission of facts by the county attorney sufficiently presented the matter to require the trial court to receive evidence. The court will take judicial notice of its records and be thereby apprised whether or not the former case, 3771, was in fact unnecessarily dismissed without the consent of defendant, or evidence on this point should be taken.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.