## A. W. ANTHONY v. STATE.

No. A-7888. Opinion Filed May 23, 1931.
Rehearing Denied June 19, 1931.
(300 Pac. 420.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Noble county of the crime of unlawful possession of mash fit for manufacture and distillation of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and confinement in the county jail for a period of 30 days.

The evidence of the state was that the officers found three barrels of mash, each of which was two-thirds full of whisky mash fit and ready for distillation, some empty barrels, a funnel, and bucket, a five or eight gallon stone jar, a fireplace built in the bank of the creek walled up with brick and iron bars across it, about a quarter of a mile south of defendant's house, in a bend of the creek, where there were weeds and brush, and that a path led from defendant's house to this place where the mash was located.

Defendant, testifying for himself, admitted that the barrels and other stuff were found on his premises, but claimed it was feed he had prepared for his hogs.

Defendant contends first that this evidence is inadmissible for the reason that the search warrant under which the officers operated did not authorize a search of defendant's premises for intoxicating liquor.

This court has held in a number of cases that no search warrant is necessary to authorize the officers to search under circumstances like those in the case at bar, where the property is concealed in canyons, pastures, and waste places, outside of the curtilage and removed from the residence. Barton v. State, 26 Okla. Cr. 89, 222 Pac. 272; Reutlinger v. State, 29 Okla. Cr. 290, 234 Pac. 224; Keenan v. State, 33 Okla. Cr. 400, 243 Pac. 1001; Penney v. State, 35 Okla. Cr. 151, 249 Pac. 167.

Section 7014, C. O. S. 1921, provides:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used. * * *"

In the case at bar the defendant is charged with the unlawful possession of mash fit for distillation. Under the evidence of the officers no search warrant was required, since the property was located in a place unprotected from search and seizure without a warrant. The officers not only had a right to seize the property under the evidence in this case, but it was their duty to do so. Francis et al. v. State, 26 Okla. Cr. 82, 221 Pac. 785.

Defendant complains of other errors, but they are without substantial merit.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.