## STURDIVANT *v.* STATE.

### Opinion delivered June 9, 1894.

*Appeal—Exclusion of irrelevant evidence.*

> On appeal from a conviction of aggravated assault, the exclusion of evidence as to words preceding the assault, which were not heard by the defendant, and which constituted no inducement to the assault, is not ground for reversal.

Appeal from Howard Circuit Court.

WILL P. FEAZELL, Judge.

*J. D. Conway* and *Wm. M. Greene* for appellant.

1. It was error to exclude what was said at the trial of Bud Sturdivant. *Res gestae* are the surrounding facts explanatory of an act or showing *a motive for acting*. They are proper to be submitted to the jury. 43 Ark. 103; 29 *id.* 262. The crime of aggravated assault cannot be committed without the intent to inflict bodily injury, where *no considerable* provocation appears. Mansf. Dig. sec. 1566. If he believed his son was being cut to pieces with a knife, he had a right to interfere, and do what he did. 1 Bish. Cr. Law, sec. 877 (7th ed.)

2. A parent may justify an assault and battery in defense of his children. 1 Bl. Com. *p. 450; Schouler, Dom. Rel. sec. 234.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman*, for appellee.

There is but one question in this case. Did the court err in excluding all that was said up to the time of the combat? These words would not have justified an assault by Buck Sturdivant, and the defendant was in no better attitude than his son. Mere words will not justify an assault. The theory of the defense was that the father struck to protect the son. This he had a

right to do, but he could not protect his son in the commission of a crime. "One may protect a person with whom he stands in a family relation without being guilty of an assault, whenever under the circumstances, he would have a right to defend himself, but not otherwise." Clark's Cr. Law, 213; Kerr on Hom. sec. 183; 25 Minn. 161. But, if error, it was not prejudicial.

RIDDICK, J. The facts in this case are as follows: One Ike Deloney, a justice of the peace, was trying a case in which Bud Sturdivant, a son of appellant, was defendant, and Buck Sturdivant, another son of appellant, was a witness. While Buck Sturdivant was testifying, he made some statement that was offensive to Deloney, and was told by Deloney to shut his mouth, that he, Deloney, would not allow his word disputed. Sturdivant, in reply, told Deloney to shut his own mouth. Thereupon, they began to fight. The defendant, who had been placed under the rule as a witness, and was about fifteen yards away, seeing the disturbance, and hearing some one say, "Deloney is cutting Buck Sturdivant," ran up to Deloney, and stabbed him with a knife. The defendant was indicted for an assault with intent to kill, and convicted of an aggravated assault. A judgment for a fine of fifty dollars and one hour in jail was rendered against him.

During the progress of the trial, the court, on motion of the attorney for the State, excluded from the jury the right to consider anything that was said during the trial of Bud Sturdivant, between Buck Sturdivant and witness Ike Deloney, before the fight commenced. Defendant excepted to this ruling of the court, and the question here is whether the ruling of the court was a reversible error or not.

Conceding that these words that passed between Buck Sturdivant and Deloney before the fight began were so closely connected with the subsequent fight and

stabbing as to constitute part of the *res gestæ*, and were therefore admissible in evidence, it does not necessarily follow that the action of the court in excluding them will justify this court in reversing the judgment. This court will only reverse a judgment of the trial court for errors that are prejudicial to the rights of the appellant. *Fitzpatrick* v. *State*, 37 Ark. 238. The rule followed by appellate courts generally is not to reverse for harmless errors. Elliott's Appellate Procedure, 632.

It appears, we think, very plainly that these words, whether excluded or admitted, could have had no proper influence on the verdict of the jury. They were not spoken in the presence of defendant; and, even if they had been, they furnished no excuse or justification for the assault upon Deloney. The defendant did not testify, but some of the witnesses testified that, after the fight was over, he said to them that he was sorry he had cut Deloney, and "would not have done it if he had not thought he was cutting Buck." This evidence, and the testimony of the witnesses that one of the bystanders had called out to appellant, "Deloney is cutting Buck Sturdivant all to pieces," and all the other circumstances that could have furnished any legitimate excuse or justification for the assault on Deloney by the appellant, or that could have been taken in mitigation of the offense, were allowed to go to the jury. There was also evidence tending to show that Deloney was stabbed in the back by appellant, and that the assault was made without any considerable provocation, and was of such a nature as justified the jury in finding that the defendant was guilty of an aggravated assault. It was for the jury to judge of the weight of the evidence and the credibility of the witnesses. It appears that the evidence was sufficient to sustain the verdict. Finding no prejudicial error, the judgment of the circuit court is affirmed.