## In re BURNS.

(Circuit Court. W. D. Arkansas. Ft. Smith Division. March 3, 1902.)

1. CRIMINAL LAW—SENTENCE—CONFORMITY TO VERDICT.

In criminal cases the judgment must strictly conform to the verdict, to which nothing can be added by intendment.

2. SAME—INSUFFICIENCY OF VERDICT.

Under the decisions of the supreme court of Arkansas, construing the criminal laws of the state prior to their adoption by congress in the Indian Territory, a person indicted for maiming, under Mansf. Dig. § 1594 (Ind. T. Ann. St. § 937), may be convicted and sentenced under section 1566 (Ind. T. Ann. St. § 909), which provides for the punishment of an assault "with intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition"; and a verdict of guilty of an "aggravated assault and battery" is sufficient to warrant a sentence under such section, the words "aggravated assault" having acquired a technical meaning in the state as denominating the offense therein defined; but a verdict finding defendant guilty of "an assault with a deadly weapon" is not, since it fails to find essential elements of the offense, and such a verdict warrants the imposition of sentence for no offense greater than assault.

**8. HABEAS CORPUS—EXCESSIVE SENTENCE—RIGHT TO DISCHARGE.**
    Where a sentence has been imposed which neither the verdict nor the statute authorized the defendant is entitled to discharge on a writ of habeas corpus.

On Petition for Writ of Habeas Corpus and Return Thereto.

W. H. Korniegay, for the petitioner.

James K. Barnes, U. S. Dist. Atty.

ROGERS, District Judge. The petitioner John W. Burns was indicted in the United States court for the Northern district of the Indian Territory for the crime of maiming, and upon plea of not guilty and trial the following verdict was rendered: "We, the jury, find the defendant guilty of an assault with a deadly weapon. J. W. Bird, Foreman,"—and was sentenced by the court, upon that verdict, to be imprisoned in the United States jail situated at Ft. Smith, Ark., and to pay a fine of $200 and costs. An exception was taken to the entry of that judgment upon the foregoing verdict. The indictment charged, in substance (omitting formal parts), that said Burns did, feloniously, unlawfully, and with his malice aforethought, discharge and shoot off a certain gun loaded with gunpowder and leaden bullets, towards, against, and into the right leg and body of one Homer Lay, and did then and there, by means of the said gun so loaded with gunpowder and leaden bullets as aforesaid, so discharged and shot off as aforesaid, towards, against, and into the right leg and body of him the said Homer Lay as aforesaid, wound and disable him, the said Homer Lay, contrary to the form of the statute, etc.

By act of congress certain statutes of Arkansas were adopted in the Indian Territory, and among others the statute regulating the crime of maiming. Section 1594 of Mansfield's Digest of the Statutes of Arkansas (section 937, Ind. T. Ann. St.) reads as follows:

"If any person shall, from malice aforethought, shoot, stab, cut or in any manner wound and disable any person, he shall be deemed guilty of maiming."

It could not be said that the verdict in this case was rendered under that statute, but it was rendered under section 1566 Mansf. Dig. (section 909, Ind. T. Ann. St.), under the head of "Assault—Battery—Aggravated Assault—Assault with Intent to Murder," which section reads as follows:

"If any person assault another, with intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition, he shall be adjudged guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than fifty nor exceeding one thousand dollars, and imprisoned not exceeding one year."

It is provided by section 1564, Mansf. Dig. (sections 907, 908, Ind. T. Ann. St.), that simple assault shall be punished by fine not exceeding $100, and by the following section the crime of assault and battery is punished by fine not exceeding two hundred dollars; "provided, this section shall not be construed to apply to assault and batteries of an aggravated character." All these sections of the statutes were

put in force, by the act of congress referred to, in the Indian Territory, and were in force when the foregoing verdict was rendered.

In Guest v. State, 19 Ark. 405, Guest was indicted under the same statute under which the defendant in the case at bar was indicted, and a verdict was rendered of "an aggravated assault and battery." In that case it was held that:

"Upon an indictment for a felony, the accused may be convicted of a misdemeanor where both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and where the indictment for the higher offense contains all these substantive allegations necessary to let in proof of the misdemeanor."

See, also, Cameron v. State, 13 Ark. 712; State v. Cryer, 20 Ark. 64; State v. Nichols, 38 Ark. 551; Davis v. State, 45 Ark. 359.

I do not doubt the soundness of the principle announced in Guest v. State, supra, and especially is that true where a statute is in force such as is found in sections 2288 and 2289 of Mansfield's Digest of the Statutes of Arkansas (also in force in the Indian Territory,—sections 1631, 1632, Ind. T. Ann. St.), where it is provided, in substance, that all injuries to the person, by maiming, wounding by an assault, whether malicious or from sudden passion, and whether attended or not with intent to kill, shall be deemed degrees of the same offense, and where one is indicted for an offense consisting of different degrees he may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment. If, therefore, the jury in the case at bar thought that the defendant was guilty of an "aggravated assault and battery," that verdict would have sustained the sentence imposed in this case. But the jury did not find that the defendant was guilty of an "aggravated assault and battery." The jury found that he was guilty of an "assault with a deadly weapon." Is the one equivalent to the other? clearly not. The words "aggravated assault" have come to have a specific and definite meaning under the laws of Arkansas, and that was recognized in the case of Guest v. State. Guest v. State, supra, was decided prior to the passage of the act of congress adopting parts of Mansfield's Digest as the law of the Indian Territory, and by the decision of that court, interpreting its own statute, the courts in the Indian Territory should be bound in interpreting the same statute.

Section 1566 of Mansfield's Digest was taken from the Revised Statutes, and was enacted in 1838, and has been in force in Arkansas ever since, no change having ever taken place in it, except in the original act the crime was called a "high misdemeanor," whereas in the present statute, as adopted in the Indian Territory, the word "high" is omitted. But the preceding section of Mansf. Dig. § 1565 (also in force in the Indian Territory,—sections 908, 909, Ind. T. Ann. St.), is as follows:

"Any person who shall be convicted of an assault and battery shall be fined in any sum not exceeding two hundred dollars: provided, that this section shall not be construed to apply to assaults and batteries of an aggravated character."

The foregoing section of Mansfield's Digest, as it was originally enacted by the legislature of Arkansas, read, immediately after the

words "aggravated assault" at the end of that section, as follows: "In which the fine under existing laws could not be as low as ten dollars,"—making the proviso read as follows: "That this section shall not be construed to apply to assaults and batteries of an aggravated character, in which the fine under existing laws could not, be as low as ten dollars." This act of January 6, 1857, makes use of the word "aggravated" in connection with an assault for the first time in the statutes of Arkansas or the decisions of its courts, and it will be seen, by comparing the penalty fixed by this section of the statute, that the proviso could have no application whatever to any other assault known to the system of jurisprudence in Arkansas than that described in section 1566 (section 909, Ind. T. Ann. St.), for the reason that every other assault except that described in section 1566 might be punished by a fine of less than $10, while that described in section 1566 could not be punished by a fine of less than $50, and also involved imprisonment.

It may be observed in this connection that the case of Guest v. State, supra, in which it was held that one indicted for the crime of mayhem might be convicted of an aggravated assault and battery, was decided in 1858, the year following the enactment of this statute. Why the language above referred to was omitted by the digesters in Gantt's Digest and in Mansfield's Digest I am not advised, but it would seem that the statute of January 6, 1857, by making use of the term "aggravated," and the subsequent decision of Guest v. State (1858), made it unnecessary to retain the language which was dropped in order to define what statute the proviso applied to. It may be also observed that the seventh paragraph of chapter 45 of Mansfield's Digest of the statutes of Arkansas (paragraph 7, c. 19, Ind. T. Ann. St.), is entitled "Assault—Battery—Aggravated Assault—Assault with Intent to Murder." The words "aggravated assault," contained in this title, were never found in the digests of Arkansas prior to 1858. They appeared for the first time in Gantt's Digest of the Statutes compiled in 1874, and have been continued in all the subsequent digests. It may be also observed that the term "aggravated assault" appears in the following cases: Sturdivant v. State, 59 Ark. 267, 27 S. W. 6; Bryant v. State, 41 Ark. 359; and thus it appears that this term has a definite and technical meaning in the jurisprudence of the state, and manifestly applies to the crime defined by section 1566, Mansf. Dig. (section 909, Ind. T. Ann. St.); but the words "assault with a deadly weapon" have found no specific or technical lodgement, either in the statutes of Arkansas or in the opinions of its courts.

It is true that, in Bryant v. State, Chief Justice English (the larger part of whose professional life was spent upon the bench) denominated the offense for which Bryant was indicted as an "aggravated assault," and afterwards in the body of that opinion, in alluding to certain instructions refused by the court, said: "The third [instruction] defined an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury,"—substantially in the language of the statute under which the indictment was drafted; and this is the only instance in which I have found that the words, "assault with a deadly weapon," have been used in the remotest degree as designating

a crime, and manifestly this reference could not be properly treated in that way. An assault with a deadly weapon is necessarily a part of an aggravated assault, under the statute referred to, but an assault with a deadly weapon does not necessarily involve all the elements of an "aggravated assault." Something more is required to constitute an aggravated assault than that the assault was made with a deadly weapon. It involves no difficulty, and no stretch of the imagination, to suggest innumerable cases in which a man might commit an assault with a deadly weapon where the circumstances of the assault did not show an abandoned and malignant disposition, and where no considerable provocation appears; but a man could not be found guilty of an aggravated assault under this statute unless it appears that the assault was made with intent to inflict upon the person of another a bodily injury, and that there was no considerable provocation, or the circumstances of the assault showed an abandoned and malignant disposition. Four elements are necessary to constitute an aggravated assault, under this statute. There must be an assault; it must be made with a deadly weapon, instrument, or other thing; it must be done with the intent to inflict upon the person of another a bodily injury; and it must occur where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition. The verdict of the jury does not cover any of the elements of this offense except the first two, viz., that an assault has been committed, and with a deadly weapon.

In civil cases no judgment can be rendered which does not conform to the verdict. Surely, in criminal cases, a judgment cannot be sustained or upheld which is made to rest upon something that is to be added to the verdict. To support the verdict in this case, it is necessary to add to the verdict that this assault was committed with the intent to inflict a bodily injury, and either under circumstances where no considerable provocation appeared, or where the circumstances of the assault showed an abandoned and malignant disposition; or, if this be not done, then we are called upon to infer, because the jury said the assault was committed with a deadly weapon, that it was committed under the circumstances I have just named. But no inference can be added to a verdict to support a judgment,—a judgment must conform to the verdict. If it be said that the jury clearly indicated by the use of the word "deadly weapon" that it found the defendant guilty of an "aggravated assault," the answer is that nothing can be added to a verdict by intendment. In criminal cases the verdict must be responsive to the issues raised by the allegations in the indictment and the defendant's plea thereto, and the judgment must strictly conform to the verdict, and impose no other or greater punishment than the statute under which the verdict is found authorizes. The author says in 2 Am. & Eng. Enc. Law, p. 965:

"An 'aggravated assault' has been defined to be, at the common law, one that has, in addition to the mere intent to commit it, another object which is also criminal; but it may be doubted whether at common law the term had a technical and definite meaning. It seems rather to have been a phrase used by the commentators and text writers in contradistinction to 'common assault,' to include all those species of assault which, for various reasons, had come to be regarded as more heinous than common assaults, or had been

singled out and made the subject of special legislative provisions. In the criminal codes of some of the states of the Union, the term 'aggravated assault' is given a definite and peculiar meaning of its own. Norton v. State, 14 Tex. 393. Using the term in the large and general sense, not only assaults with certain prescribed intents, but also assaults by stabbing, wounding, shooting, or by any use of a deadly weapon, are aggravated assaults, in some states made felonious."

The same author, at page 970, states: ·

"By statute, in most of the states, one class of aggravated assaults is made to depend upon the character of the weapon used in the assault. The provisions of the statute are varied. Some statutes are directed against the use of deadly or dangerous weapons, 'with an intent to kill a human being or to commit a felony upon the person or the property of the one assaulted,' or 'with intent to inflict grievous bodily harm,' while, under other statutes, the mere use of the weapon, without reference to the intent with which it is employed, is sufficient." "Under statutes which make the intent with which the weapon is used a constituent element, the use of the dangerous or deadly weapon, with intent to inflict bodily harm, constitutes the gist of the offense, as distinguishing the act from an ordinary assault. Therefore the mere possession of a deadly weapon, without using it or the intent to use it, will not constitute the offense, nor will the intent without the use. But under statutes which declare the crime complete by the mere use of a dangerous or deadly weapon, it is unnecessary to allege or prove any intent whatsoever."

Manifestly, under section 1566, Mansf. Dig. (section 909, Ind. T. Ann. St.), it is not only necessary to prove that the weapon is a deadly weapon, but it is also necessary to show the intent to use it and the circumstances under which it is used,—that is to say, that it was under such circumstances as showed an abandoned and malignant disposition, or where no considerable provocation had appeared,—and therefore to find that a man is guilty of an assault with a deadly weapon fails to respond to what is essential to constitute an aggravated assault, under that statute. The words "deadly weapon," contained in this verdict, should be treated as surplusage, and the verdict be treated as a verdict for an assault. As before stated, the punishment for an assault is a fine not to exceed $100, and any other punishment in excess of ·that was wholly unauthorized in law, and therefore void.

The question now arises whether or not on habeas corpus, a sentence having been imposed which neither the verdict nor the statute authorized, the defendant should be released. That question came before this court in the case of In re Christian (C. C.) 82 Fed. 199, and was given the most careful, painstaking, and exhaustive research, and answered in that case in the affirmative, and therefore I am not disposed to re-examine that question. Those who are interested will find the reasoning and the cases supporting that opinion cited in the opinion itself.

The defendant alleges in his petition, and it is not denied in the return, that he has been confined in prison over 30 days, solely for the nonpayment of the fine and costs imposed against him; that he is unable to pay the same or any part thereof, and that he has not any property exceeding in value $20; that he has no property in any way conveyed or concealed or in any way disposed of for his future use and benefit; that the United States attorney for the Northern district of the Indian Territory, as well as the United States attorney for the Western district of Arkansas, have been notified of this application,

and that he has not made the application contemplated in section 1042 of the Revised Statutes of the United States to a commissioner of this court, for the reason that the commitment on its face does not appear to be solely for the nonpayment of fine and costs, but the judgment rendered in this case does not order the defendant to be imprisoned for the fine and costs. I am of the opinion, therefore, that so much of the sentence imposed upon the defendant, and the judgment rendered in pursuance thereof, as was in excess of the sum of $100 was void, and that the defendant ought to be discharged; and it is so ordered.

### NOTE.

Since this opinion was delivered my attention has been called to the fact that congress on the 1st of March, 1889, enacted literally section 1594 of Mansfield's Digest of the Statutes of Arkansas, for the Indian Territory. 25 Stat. 787, § 25. This statute was passed long prior to the act putting in force Mansfield's Digest of the Statutes of Arkansas in the Indian Territory; but it was long after the decision of Guest v. State, supra, and therefore does not affect the principle decided in this case, nor the soundness of the opinion.