### DOHERR v. HOUSTON et al.

#### (District Court, S. D. New York. June 5, 1903.)

1. SHIPPING—LIABILITY FOR NEGLIGENT STOWAGE.

It is incumbent upon a carrier who accepts goods knowing them to be of a character requiring special care in stowing to exercise such care, and he is liable for damage resulting from a failure to stow them in such place and in such manner that they will not be injured by the ordinary contingencies of the voyage.

2. SAME—PACKAGES OF FIRECRACKERS.

A shipowner *held* liable for damage to a shipment of firecrackers on the ground of negligent stowage, where although the ship encountered no unusual perils on the voyage, and the packages were marked "frail" on the bill of lading, they were found broken open, and the contents injured, when they were delivered.

In Admiralty. Action for damage to cargo.

Clarence R. Freeman (Avery F. Cushman, advocate), for libellant.
Butler, Notman, Joline & Mynderse, for respondents.

ADAMS, District Judge. This is an action which was brought to recover damages to some part of 300 packages of fire crackers, shipped by the libellant at New York, on the 12th of June, 1900, on the steamship Hilarius, of which the respondents were the managing owners, for delivery at Buenos Ayres.

It appears that these fire crackers had come to New York from China in the same packages in which they were shipped on the Hilarius and there is testimony to the effect that they were delivered to the respondents in good order. The bill of lading contains the statement: "Pckgs. fire crackers frail." The exceptions in the bill of lading provide: "* * *; that the Carrier shall not be liable for any loss occasioned by * * * breakage * * * nor for any loss or damage arising from the nature of the goods or the insufficiency of the packages. * * *"

, When the libellant's goods were delivered at their destination, it was found that a considerable portion of them was seriously damaged by the packages being broken and the contents scattered and injured.

The damage is alleged by the libellant to have been caused by certain heavy portions of the other cargo of the steamship being thrown upon the libellant's goods, either by the listing of the steamship, through unseaworthiness, or by negligent stowage.

The respondents, admitting the damage, deny any unseaworthiness on the part of the steamship or any negligence in stowage. They allege that the damage was due to heavy weather and the perils of the seas and further rely upon the quoted exceptions in the bill of lading, alleging the libellant's cargo was insufficiently and improperly packed and protected and the damage was due to such cause.

There is no evidence to sustain a claim of perils of the seas through extraordinary weather and that feature of the case may be left out of consideration.

It is not perceived in what way the possible original unseaworthiness of the steamship has upon the controversy, as she returned to port and remedied any original defects, so that when she left the second time, she was seaworthy and the cargo was then in the same condition as when shipped.

The testimony shows that the packages were the customary ones used for merchandise of this description and the fact that they made a voyage from China, immediately prior to this shipment on the Hilarius, without material damage, is persuasive evidence of their sufficiency for the contemplated voyage, if properly cared for. The, fact that they were described as "frail" in the bill of lading does not establish that they were unfit for the voyage. Such description is characteristic of this class of goods and does not indicate that these were different from usual shipments. The use of the word, however, showed that the respondents knew that the goods required special care in stowing. In view of such knowledge and their acceptance of the goods, it was incumbent upon the respondents to stow them in such

places and in such manner that they would not be injured by the ordinary contingencies of the voyage. The David & Caroline, 5 Blatchf. 266, Fed. Cas. No. 3,593; The Mississippi (D. C.) 113 Fed. 985; Id. (C. C. A.) 120 Fed. 1020.

The circumstances seem to fully establish negligent stowage. The condition of the goods when discharged, indicated that they had been subjected to a heavy weight or pressure, which not only broke the packages but practically destroyed some of the contents. If the damage had been slight and confined to the packages, it would denote negligence, because it was recognized that these were not the kind of packages that would sustain a heavy weight, and it was claimed by the respondents, that they distributed them as far as possible and put them on top of other cargo, so that they would not be subjected to danger from such source. It appears, however, that while the danger of piling the packages on top of each other to any great extent was obvious and, accordingly, in some places only two tiers were stowed, yet, in other places there were at least six. Tiering so many packages of goods of this class has been observed, in other cases, to cause some damage. But the crushing and destruction of some of the packages and their contents point to still more negligent stowage in some respect which does not appear, but for which the condition of the goods when delivered, is sufficient to fix the responsibility upon the respondents.

Decree for the libellant, with an order of reference.