## THE PATRIA.

### (District Court, S. D. New York. October 15, 1903.)

**1. SHIPPING—DAMAGE TO CARGO—BURDEN OF PROOF.**
Where the evidence shows that a carrier received goods on board in good condition, and delivered them damaged, it has the burden of proof to show that the damage was due to a risk excepted in the bill of lading, and, in the absence of satisfactory proof that such was the cause, it must be held liable for the loss, although the cause of the damage does not plainly appear.

In Admiralty. Action for damage to cargo.

R. Forsyth Little, Jr (Frank H. Curry, of counsel), for libelant.
Benedict & Benedict, for claimants.

HOLT, District Judge. This action is brought to recover for damages to a lot of beans shipped by the libelant on the steamship Patria from Marseilles to New York. The evidence satisfies me that the beans were in good condition when shipped at Marseilles. When they were landed at New York a large number of the bags were stained, damp, and dirty, and the beans in a large part of the bags were soft and covered with black specks, a condition which seriously impaired their value. The libelant claims that the black specks were coal dust; that dampness had caused the soft condition of the beans; and that the ship was liable for exposing the beans to such coal dust and dampness. The respondent claims that the beans were originally improperly cured; that they became heated, fermented, and mouldy during the voyage; that this heating and fermentation were

the causes of the condition of the beans which were damaged; and that the black specks seen on them were particles of mould. I have examined the evidence carefully, and I am unable to reach any satisfactory conclusion as to what caused the damage to the beans. There is almost no direct evidence on the question. There is no proof that the beans were not properly cured. There is no proof that any coal dust actually came in contact with them anywhere, although it might have blown over the cargo to some extent when the steamer was coaling at Marseilles. There is no proof that anything occurred on the voyage, or when the beans were being landed, or after they were landed at the wharf in Brooklyn, which would cause the bags to be stained, dampened, or soiled. They were properly stowed in the hold, and an examination showed that the dampness was not caused by salt water. The pier was covered, and apparently there was no opportunity for the bags to become wet when being landed or at any time. If the damage was due to heating, caused by improper curing, that does not seem to me to sufficiently explain the stained and discolored external appearance of the bags. If the black specks were coal dust which had been blown over the cargo, I do not see how the coal dust could have become so widely diffused through the interior of the bags. If the damage was caused by dampness, I do not see how the bags could have become wet during the voyage, and if they became wet while discharging I do not see how the resulting dampness could have so quickly caused so much injury to the beans. The claims of both parties to the suit are based solely on inferences which they argue should be drawn from the appearance of the beans after they were discharged from the steamer. All that seems to me clear on the proof is that the goods were shipped in good condition, and were damaged when they reached New York. Under these circumstances, I think that the rule applies that when a common carrier receives goods in good condition, and delivers them damaged, it has the burden of proof to show that the damage was caused by a risk excepted in the bill of lading, and, in the absence of satisfactory proof that the damage was so caused, the court is justified in finding for the libelant, even if the cause of the damage does not plainly appear. Hudson River Lighterage Co. v. Wheeler, etc., Co. (D. C.) 93 Fed. 374; Pacific Coast S. S. Co. v. Bancroft-Whitney Co., 94 Fed. 180, 36 C. C. A. 135; Doherr v. Houston (D. C.) 123 Fed. 334.

My conclusion, therefore, is that there should be a decree for the libelant, with the usual reference to fix the damage.