**MALLORY S. S. CO. v. WALKER–SMITH CO.** (No. 8867.)

(Court of Civil Appeals of Texas. Galveston. May 6, 1926. Rehearing Denied May 27, 1926.)

**1. Shipping** ⟾132(3)—Where shipper, suing for damage to goods, alleged delivery to vessel in good condition and receipt in bad condition, and supported allegations by competent proof, burden shifted to carrier to relieve itself from liability.

In action against steamship company for damage to goods during shipment, where plaintiff alleged that, when goods were received by defendant, they were in good condition, and when delivered at point of destination they were in bad condition, and supported such allegations by competent proof, burden shifted to defendant to relieve itself from liability for damage suffered.

**2. Shipping** ⟾120 — Shipowner, accepting goods for transportation, becomes bailee for hire, required to exercise due care, and failure to do so constitutes prima·facie negligence.

Shipowner, receiving goods for transportation, becomes bailee for hire, and as such is required to exercise due care to transport and deliver goods in like order as when received, and failure to do so constitutes prima facie negligence.

**3. Appeal and error** ⟾1011(1)—Finding on conflicting evidence that damage to shipment of goods was result of carrier's negligence will not be disturbed.

In action by shipper against steamship company for damage to goods during shipment, where it was shown by uncontradicted evidence that goods were undamaged when received by carrier, and damaged when delivered, and evidence as to whether damage suffered was caused by negligence of defendant was conflicting, a finding that damage suffered was result of defendant's negligence will not be disturbed.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by the Walker-Smith Company against the Mallory Steamship Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Gerry, Cavin & Mills, of Galveston, for appellant.

McDonald & Wayman and C. G. Dibrell, all of Galveston, for appellee.

LANE, J. Walker-Smith Company, hereinafter for convenience called plaintiff or appellee, brought this suit against the Mallory Steamship Company, hereinafter for convenience called defendant or appellant, to recover damages to a shipment of canned goods moving from New York to Galveston in the month of February, 1920.

For cause of action plaintiff alleged that it caused to be shipped from Baltimore, Md., 925 cases of canned goods on the 14th day of January, 1920; that said canned goods were delivered to appellant at New York prior to February 11, 1920, to be by it transported to Galveston, Tex.; that appellant did transport said goods in its steamship "Nueces" to Galveston, Tex., where it delivered the same to appellee on the 23d day of February, 1920; that said goods were delivered to appellant in good order and condition, but, when delivered at Galveston, the entire shipment was wet; that the cans were rusty; that the labels were off and so badly watersoaked as to render the goods unsalable, and of but little value; that the 925 cases of canned goods were, during the months of January and February, 1920, of the reasonable market value of $2,880, but worth at least $1,100 less when delivered to appellee, on account of their damaged condition. Its prayer was

for $1,100, with interest at 6 per cent. from February 23, 1920.

Defendant answered by general demurrer, which we shall assume was waived by it, as there is nothing in the record to show that it was ever called to the attention of the court. It also answered by general denial and by specially pleading that in the bill of lading under which the shipment moved it was provided that the carrier should not be liable for damages to such shipment, which was caused by, or resulting from, any defect or vice in the goods shipped; that, when it received the goods in New York from its connecting carrier, said goods were frozen, or very nearly so; that at the time it received said goods from such connecting carrier it had no notice or knowledge of the frozen condition thereof; that its ship "Nueces," in which the goods were shipped from New York to Galveston, was in all respects seaworthy, properly manned, equipped, and supplied; that there was nothing in the appearance of the canned goods to indicate that they were frozen or nearly so; that upon the receipt of said goods by it they were properly stored and handled until they reached Galveston, their destination, and that, if said goods were damaged, such damage was caused by their being brought from a colder into a warmer climate, which caused them to sweat, due to their previous frozen condition; that, because of its lack of knowledge of the frozen condition of the goods when delivered to it, which was the cause of the damage complained of, and not by reason of any negligence on its part, it is not liable for such damage.

The cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff against defendant for $1,100, the sum sued for, with interest thereon, etc.

[1] By appellant's propositions Nos. 1 and 2, it is insisted that the court erred in rendering judgment for appellee, in that it was not alleged by the plaintiff that the defendant was guilty of any act of negligence resulting in the damage complained of, nor was there any evidence showing any such negligence.

The contentions so made are overruled. Plaintiff alleged that the shipment was in good condition when received by defendant, and we think the evidence shows that, though frozen, or nearly so, the goods were in good condition when received by the defendant, and could have been delivered in like condition at their destination, if properly handled en route. And it also shows that when delivered to the plaintiff at Galveston the goods were in bad condition. Since, then, the plaintiff alleged that, when the goods were received and receipted for by the defendant, they were in good condition, and that, when delivered to it at the point of destination, they were in bad condition, and supported such allegations by competent proof, the burden shifted to defendant to relieve itself from liability for the damage suffered. Mallory S. S. Co. v. Bahn Diamond & Optical Co. (Tex. Civ. App.) 154 S. W. 282, at page 288, and authorities there cited; the Southwark, 191 U. S. 1, 24 S. Ct. 1, 48 L. Ed. 65.

In the case first cited it is substantially said that, where, in a shipper's action against a steamship company, the plaintiff proved that the defendant received the shipment in good order, and that a part of it was lost and the part delivered badly damaged, the burden was then upon the defendant to relieve itself from liability; that the carrier's failure to make delivery in good condition, being prima facie evidence of want of care, cast upon it the burden of proof. The rule announced is not an unreasonable or harsh one, but, to the contrary, is, in our opinion, a reasonable and just one.

[2] Appellant in the present case, when it received the shipment for transportation, became a bailee for hire, and as such was required to exercise due care to safely transport and deliver same in like order as when received. A failure to do so would constitute prima facie negligence, for which it should be held to be responsible in damages.

In cases, especially such as the present one, where, after goods were received at New York in good order, loaded into appellant's ship, and remained in its exclusive care for twelve days while being transported, thus rendering it almost, if not entirely, impossible for appellee to show what caused the damage to the goods after it turned them over to appellant, the burden of proof, we think, should be cast upon appellant to show that the damage was not the result of any negligence on its part. The petition of appellee alleges a cause of action, and it made prima facie proof of the cause alleged.

[3] By its third, fourth, and fifth assignments, appellant insists that the court erred in rendering judgment for appellee, in that the undisputed evidence shows that the goods in question were frozen when delivered to it; that it received and loaded the same on its ship without notice or knowledge of such frozen condition; that all the damage complained of was solely due to such frozen condition, and not by reason of any negligent or wrongful conduct on its part; that it is not liable for the damage which resulted from the inherent vice of the goods on account of their frozen condition.

Such contentions cannot be sustained. While it is true that it is shown that the goods were either frozen or nearly so when delivered to appellant, there was also evidence to show that appellant was in possession of such facts as should have reasonably led it to know that the goods were practically in a frozen condition, and to justify the court in finding that appellee did in fact know of such condition. There was also evidence sufficient to support the finding

that, if the goods in question had been properly stored and given proper ventilation, they would have gradually thawed out without being damaged, and to support a further finding that the damage suffered was the result of negligence of appellant in not giving the goods proper ventilation while being transported.

That the goods as received by appellant, though frozen, were undamaged at the time they were received is amply shown by the evidence, and the undisputed evidence shows that they were in a badly damaged condition when delivered at Galveston. Under such circumstances, the burden, as we have already shown, was upon appellant to show that the goods were properly handled while in its possession, and that the damage suffered was not caused by any act of negligence on its part, before it could be relieved of liability, and, as the evidence relative to such issues was conflicting, a finding that the damage suffered was the result of negligence on the part of appellant will not be disturbed.

It is unnecessary to pursue this discussion further, as we have heretofore, in the case of Southern Pacific Co. v. Walker-Smith Co. (Tex. Civ. App.) 257 S. W. 347, cited the authorities which govern this case, and require at our hands an affirmance of the present judgment. The judgment is affirmed.

Affirmed.