## MALLORY S. S. CO. v. WALKER-SMITH CO.
(No. 911–4676.)

(Commission of Appeals of Texas, Section A.
Feb. 23, 1927.)

1. Shipping ⚖➡128—Steamship company is liable for damage caused by inherent vice, where it knew of such condition and breached duty to prevent injury.

Frozen condition of goods when shipped, which was vice inherent in them which relieved steamship company from liability for damages resulting solely therefrom, is not sole cause of injury to goods, if company knew of such condition and breached duty to exercise care to prevent injury which would otherwise result.

2. Shipping ⚖➡132(5) — Steamship company held to have no knowledge of frozen condition of goods transported by it necessary to create liability.

Steamship company *held*, as matter of law, to have had no knowledge of frozen condition of goods transported by it and was not therefore liable for damage resulting therefrom, in view of agreement in bill of lading, notwithstanding that temperature at shipping point had been below freezing during preceding month.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Walker-Smith Company against the Mallory Steamship Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (285 S. W. 644), and defendant brings error. Reversed and rendered.

Terry, Cavin & Mills, of Galveston, for plaintiff in error.

McDonald & Wayman, of Galveston, for defendant in error.

BISHOP, J. Defendant in error instituted this suit against plaintiff in error to recover damages to a shipment of canned goods from New York to Galveston. The Court of Civil Appeals in its opinion (285 S. W. 644) makes the following statement of the pleadings and result of trial in the district court, to wit:

"For cause of action plaintiff alleged that it caused to be shipped from Baltimore, Md., 925 cases of canned goods on the 14th day of January, 1920; that said canned goods were delivered to appellant at New York prior to February 11, 1920, to be by it transported to Galveston, Tex.; that appellant did transport said goods in its steamship Nueces to Galveston, Tex., where it delivered the same to appellee on the 23d day of February, 1920; that said goods were delivered to appellant in good order and condition, but, when delivered at Galveston, the entire shipment was wet; that the cans were rusty; that the labels were off and so badly water-soaked as to render the goods unsalable and of but little value; that the 925 cases of canned goods were, during the months of January and February, 1920, of the reasonable market value of $2,880, but worth at least $1,100

less when delivered to appellee, on account of their damaged condition. Its prayer was for $1,100, with interest at 6 per cent. from February 23, 1920.

"Defendant answered by general demurrer, which we shall assume was waived by it, as there is nothing in the record to show that it was ever called to the attention of the court. It also answered by general denial and by specially pleading that, in the bill of lading under which the shipment moved, it was provided that the carrier should not be liable for damages to such shipment, which was caused by, or resulting from, any defect or vice in the goods shipped; that, when it received the goods in New York from its connecting carrier, said goods were frozen, or very nearly so; that at the time it received said goods from such connecting carrier it had no notice or knowledge of the frozen condition thereof; that its ship Nueces, in which the goods were shipped from New York to Galveston, was in all respects seaworthy, properly manned, equipped, and supplied; that there was nothing in the appearance of the canned goods to indicate that they were frozen or nearly so; that upon the receipt of said goods by it they were properly stored and handled until they reached Galveston, their destination, and that, if said goods were damaged, such damage was caused by their being brought from a colder into a warmer climate, which caused them to sweat, due to their previous frozen condition; that, because of its lack of knowledge of the frozen condition of the goods when delivered to it, which was the cause of the damage complained of, and not by reason of any negligence on its part, it is not liable for such damage.

"The cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff against defendant for $1,100, the sum sued for, with interest thereon," etc.

The uncontradicted evidence shows that the canned goods were in a frozen condition at the time they were delivered to plaintiff in error for shipment by its connecting carrier, and that, had the goods not been frozen, no damage would have resulted. The Court of Civil Appeals held that the evidence presents an issue of fact as to whether plaintiff in error knew of this frozen condition, and was sufficient to support a finding that it had such knowledge. Based on this holding, it also held that the evidence is sufficient to warrant a holding that plaintiff in error was negligent in not giving the frozen goods proper ventilation while being transported, and that the damage suffered was the result of its negligence. On these holdings, the judgment of the trial court was affirmed.

[1] The frozen condition of the goods was a vice inherent in the goods at the time they were received for shipment. For damages caused solely by this inherent vice, plaintiff in error is not liable. If, however, plaintiff in error knew of the frozen condition of the goods, it was its duty to exercise care to prevent injury which would otherwise result, and if it failed to do so, and such care would have prevented the injury, the frozen condi-

tion of the goods, though an inherent vice, would not be the sole cause of the injury to such goods. If it did not know of the vice inherent in the goods shipped, it did not owe the duty to exercise care to prevent the injury which such vice alone would otherwise cause.

[2] Plaintiff in error asserts that the evidence in this case conclusively shows that it had no knowledge of the frozen condition of the goods, and that the holding of the Court of Civil Appeals that the evidence presents a question of fact as to whether it had such knowledge is erroneous.

On trial the defendant in error introduced in evidence the deposition of T. Ring, who was receiving checker for plaintiff in error at the time of this shipment. His testimony is:

"My duties were to count the number of packages as delivered to the Mallory Steamship Company; also, to note their outward condition and to ascertain if any of the contents were gone as might be indicated by broken packages, and make a record thereof, both on the receipt given to the Pennsylvania Railroad and on the duplicate of such receipt kept by the Mallory Steamship Company as its record.

"My duties were to count the number of packages in any shipment, to verify any damage that might be indicated from the outside of the package, and to make proper notation thereof on the receipts given for the shipments as well as on the records maintained by the Mallory Steamship Company.

"The shipment was received by me with three packages broken open, which showed that four cans were out of one case, two cans out of another, and one can out of another case. The outward appearance of all the other cases gave no indication that the contents of the cans in the cases were frozen or nearly frozen. The cases were all intact except as stated. They were wooden cases, and they were received by the Mallory Steamship Company from a covered or inclosed barge of the Pennsylvania Railroad, which delivered the goods directly into the steamer.

"I did not know or suppose at the time the shipment was received by me for the Mallory Steamship Company that the contents in the cans were frozen or very nearly so.

"The shipment was received by me in apparent good order, with the exception of three cases, one of which had four cans out, one two cans out, and one had one can out.

"I did not know or receive any notice of any kind from any source whatever that the canned goods were in a frozen condition or were nearly frozen, and I did not know and had no information from any source that the shipment had passed through freezing temperature from January 14, 1920, until they were received by the Mallory Steamship Company."

The testimony of other agents and employees of plaintiff in error, who received, loaded, and had charge of the shipment, is that they had no knowledge of the frozen condition of the contents of the cans. The record contains the following agreement, to wit:

"The shipment of canned vegetables mentioned by plaintiff in its pleadings originated at Baltimore, Md., on January 14, 1920, where it was delivered on that date to the Pennsylvania Railroad Company, destined via New York and the Mallory Steamship Company for Galveston, Tex. The lowest temperature at Baltimore on January 14, 1920, was 19 degrees. The cans containing the canned vegetables were contained in wooden boxes or cases. The shipment arrived at Manhattan Piers, almost directly across the Hudson River from the Mallory Steamship Company's piers at New York, on January 15, 1920, where it remained until February 11, 1920, when it was carried across the Hudson River to the Mallory Steamship Company's pier in New York and delivered to the Mallory Steamship Company by the Pennsylvania Railroad Company's barge C. Carroll. The lowest temperature at Manhattan Piers on the following days was as follows:

| | |
|---|---|
| January 15, 1920 | 11 degrees |
| January 16, 1920 | 9 degrees |
| January 17, 1920 | 17 degrees |
| January 18, 1920 | 11 degrees |
| January 19, 1920 | 9 degrees |
| January 20, 1920 | 12 degrees |
| January 21, 1920 | 23 degrees |
| January 22, 1920 | 19 degrees |
| January 23, 1920 | 26 degrees |
| January 24, 1920 | 20 degrees |
| January 25, 1920 | 10 degrees |
| January 26, 1920 | 7 degrees |
| January 27, 1920 | 19 degrees |
| January 28, 1920 | 12 degrees |
| January 29, 1920 | 10 degrees |
| January 30, 1920 | 22 degrees |
| January 31, 1920 | 1 degree |
| February 1, 1920 | 2 degrees |
| February 2, 1920 | 22 degrees |
| February 3, 1920 | 25 degrees |
| February 5, 1920 | 25 degrees |
| February 6, 1920 | 26 degrees |
| February 7, 1920 | 28 degrees |
| February 8, 1920 | 26 degrees |
| February 9, 1920 | 23 degrees |
| February 10, 1920 | 33 degrees |
| February 11, 1920 | 33 degrees |

"The lowest temperature at the Mallory Steamship Company's wharf in New York City, on February 11, 1920, was 30 degrees. It had been freezing, or below, at New York every day from January 14, 1920, to and including February 11, 1920, the lowest temperature there during that period being 3 degrees on January 31, 1920, and on February 1, 1920. The shipment when received by the Mallory Steamship Company at New York, on February 11, 1920, from its connecting carrier, the Pennsylvania Railroad Company, was in apparent good condition, but the contents of the cans were in fact frozen or nearly so. The steamship Nueces, with this shipment and with general cargo on board, as soon as she was loaded, and about February ——, 1920, left New York for Galveston, Tex., and on her arrival at the latter place the shipment was delivered to Walker-Smith Company."

The cans were in wooden cases, and when received for shipment by plaintiff in error no notice was given that the contents were frozen. For the reason that they were frozen, and for this reason alone, ventilation, not otherwise necessary, would have been required to prevent injury. The shipment prior to its delivery to plaintiff in error was in the possession and custody of the connect-

ing carrier. There is no evidence to indicate that plaintiff in error knew that the shipment had been exposed to freezing temperature by its connecting carrier prior to the time of delivery to it. Proof that the lowest temperature for each day from January 14 to February 11 at New York was below freezing was not evidence that plaintiff in error knew that the shipment had not been protected from freezing temperature, in view of the positive testimony to the contrary introduced by defendant in error on trial of the case. Any presumption of such knowledge, which might otherwise obtain, was conclusively rebutted by this testimony. The evidence shows that the injury to the shipment was caused by a vice inherent in the goods shipped, and for which plaintiff in error is not liable under the terms of the bill of lading. Railway Co. v. Levi, 76 Tex. 337, 13 S. W. 191, 8 L. R. A. 323, 18 Am. St. Rep. 45; Railway Co. v. Hunter, 47 Tex. Civ. App. 190, 104 S. W. 1075; G., C. & S. F. Ry. Co. v. Trawick, 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494; Southern Pacific Co. v. Walker-Smith Co. (Tex. Civ. App.) 257 S. W. 347, and cases there cited.

We recommend that the judgment of both courts be reversed, and that judgment be rendered for plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.